[Cite as *State v. Ritchie*, 2011-Ohio-164.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 10CA20 |
| | : | |
| Plaintiff-Appellee, | : | <u>DECISION AND</u> |
| | : | <u>JUDGMENT ENTRY</u> |
| v. | : | |
| | : | |
| MICHAEL B. RITCHIE, | : | **RELEASED 01/06/11** |
| | : | |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES</u>:

Michael B. Ritchie, Chillicothe, Ohio, pro se appellant.

Judy C. Wolford, PICKAWAY COUNTY PROSECUTOR, and Jayme Hartley Fountain, PICKAWAY COUNTY ASSISTANT PROSECUTOR, Circleville, Ohio, for appellee.
_____

Harsha, P.J.

{¶1}    After Michael B. Ritchie pleaded guilty to aggravated vehicular homicide, the trial court sentenced him to eight years in prison, suspended his driving privileges for ten years starting after the prison term ends, and notified Ritchie that he was subject to postrelease control.  Pointing to the suspension of his driving privileges and the imposition of postrelease control, Ritchie appears to contend that this sentence is clearly and convincingly contrary to law because the maximum time he can be punished for his offense is eight years.  However, that is only the maximum prison term the court could impose.  Under R.C. 2903.06(B)(3), the court had to suspend Ritchie's driving privileges for three years to life, and nothing in the statute prevented the court from

ordering the suspension to be served consecutively to the prison term. Moreover, under R.C. 2967.28, the court had to include a requirement that Ritchie was subject to a period of postrelease control after his release from imprisonment. Therefore, we reject this argument.

{¶2}   Ritchie also argues that the trial court abused its discretion when it selected the length of his sentence. He claims that the court erroneously believed he had a prior conviction for aggravated vehicular homicide and that this mistake provides the only arguable basis for the length of his sentence. However, Ritchie misinterprets the court's sentencing entry. The court merely noted that Ritchie had already pleaded guilty to the offense in this case – not that he had a prior conviction. And because Ritchie fails to explain how the court otherwise acted in an unreasonable, arbitrary, or unconscionable manner when it selected the length of his sentence, we affirm the trial court's judgment.

## I.  Facts

{¶3}   The Pickaway County Grand Jury indicted Ritchie for two counts of aggravated vehicular homicide, one count of vehicular homicide, one count of vehicular manslaughter, and one count of involuntary manslaughter. Ritchie pleaded guilty to one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a), which is a second-degree felony because he was driving under suspension at the time of the offense. The State dismissed the remaining counts. The trial court sentenced him to eight years in prison and suspended his driving privileges for 10 years, effective July 14, 2017 through July 14, 2027, i.e. beginning approximately one week after the end of the prison term. The court also notified Ritchie that he was subject to postrelease control.

After the time for appeal expired, Ritchie filed a motion for delayed appeal, which we granted.

## II.  Assignments of Error

{¶4}    As is often the case in pro se matters, Ritchie's brief is deficient in certain respects.  For instance, in his table of contents Ritchie indicates that he has four "assignments of error" related to his sentence and gives a vague description of a topic each assignment encompasses.  However, Ritchie's brief fails to give a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected."  App.R. 16(A)(3).  Moreover, Ritchie fails to make a separate argument for each purported assignment of error.  App.R. 16(A)(7).  Instead, he makes various arguments throughout his "Statement of Facts," "Statement of Case," and "Memorandum in Support of Facts."

{¶5}    "Nevertheless, this court has long had a policy of affording 'considerable leniency' to pro se litigants."  *Robb v. Smallwood*, 165 Ohio App.3d 385, 2005-Ohio-5863, 846 N.E.2d 878, at ¶5, quoting *Whittington v. Kudlapur*, Hocking App. No. 01CA1, 2001-Ohio-2525, 2001 WL 888379, at *3.  "We have not held pro se litigants to the same standard as attorneys."  Id., citing *Whittington* at *3.  However, this does not mean that we will "conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning."  Id., quoting *Whittington* at *3, in turn, quoting *State ex rel. Karmasu v. Tate* (1992), 83 Ohio App.3d 199, 206, 614 N.E.2d 827.  "A pro se appellant is required to submit a brief that contains at least some cognizable assignment of error."  Id.  Here, appellant's brief satisfies that standard.

## III.  Sentencing

{¶6} Ritchie contends that the trial court committed various errors when it sentenced him. In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Supreme Court of Ohio announced the standard for appellate review of felony sentences. We employ a two-step analysis to review sentences. First, we "must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶4. If the sentence is not clearly and convincingly contrary to law, we review the trial court's sentence for an abuse of discretion. Id. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

{¶7} Sentencing courts are "no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at paragraph seven of the syllabus. However, if the court imposes a sentence outside the statutory range, the sentence is clearly and convincingly contrary to law. *Kalish* at ¶15. Moreover, sentencing courts must still consider R.C. 2929.11 and R.C. 2929.12 before imposing a sentence. Id. at ¶13.

{¶8} Ritchie contends that his punishment will span 18 years – eight years in prison followed by ten years of suspended driving privileges (coupled with three years of postrelease control), and thus, his sentence is clearly and convincingly contrary to law because the maximum time he can be punished is eight years. However, eight years is the maximum *prison term* the court could impose under R.C. 2929.14(A)(2). Under R.C. 2903.06(B)(3), the court was also required to "impose upon the offender a class

two suspension of the offender's driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege from the range specified in division (A)(2) of section 4510.02 of the Revised Code * * *."  The suspension had to be a "definite period of three years to life[.]"  R.C. 4510.02(A)(2).

{¶9}    Nothing in R.C. 2903.06(B)(3) prohibits a sentencing court from requiring the suspension to be served consecutive to the prison term.  "Without some indication that a court must impose a sanction concurrent with other sanctions, the court is free to impose those sanctions consecutively."  *State v. Lyons*, Lake App. No. 2009-L-034, 2009-Ohio-6515, at ¶17.  "[F]or the suspension to have any practical impact * * * it only makes sense that the trial court order it to commence after an offender's release from prison, i.e., consecutive to that prison term.  A typical prisoner cannot access, let alone drive a vehicle while imprisoned."  Id. at ¶18.

{¶10}  In addition, R.C. 2967.28(B) mandates that "[e]ach sentence to a prison term * * * for a felony of the second degree * * * *shall include a requirement* that the offender be subject to a period of post-release control imposed by the parole board *after the offender's release from imprisonment*."  (Emphasis added.)  Thus, we fail to see how the trial court erred by ordering Ritchie to serve the maximum prison term before the suspension and postrelease control took effect.

{¶11}  In his brief Ritchie also offers a confusing argument regarding R.C. 2929.12.  He appears to argue that the court erroneously considered "former R.C. 2929.12" when it should have considered "former R.C. 2929.13" because that is the "statute application [sic] to sentencing for a Third or Fourth Degree Felony for which a Definite term of imprisonment has been imposed."  However, the court had to consider

R.C. 2929.12 before imposing a sentence.  *Kalish*, supra, at ¶13.  And here, the court expressly stated in the sentencing entry it considered that statute.  The entry gives no indication that the court erroneously applied a former version of R.C. 2929.12, which has not been amended since 2002.  Moreover, Ritchie was convicted of a second-degree felony, so it is unclear why he argues that the court erred by not considering a statutory provision as it relates to a "Third or Fourth Degree Felony."  And because Ritchie cites no other failure of the trial court to comply with any "applicable rules and statutes," we conclude that his sentence is not clearly and convincingly contrary to law.

{¶12}  Ritchie also contends the trial court abused its discretion in selecting the length of his prison term and driving suspension.  He specifically complains about language in the sentencing entry that he "previously entered a plea of guilty to the offense of Aggravated Vehicular Homicide (Second Count), a Felony of the Second Degree, contrary to ORC Section 2903.06(A)(2), and a presentence investigation and report were Ordered."  Ritchie interprets this language to mean that the Court believed that Ritchie had a prior conviction for aggravated vehicular homicide – the same offense he was convicted of in this case.  Then he argues that the court's mistake provided its only justification for imposing the maximum prison term and ten-year suspension.

{¶13}  Ritchie misinterprets the court's entry.  The court did not find that Ritchie had a "prior conviction" for aggravated vehicular homicide.  Rather, the court simply noted that prior to sentencing, Ritchie *pleaded guilty* to aggravated vehicular homicide in this case, i.e. the "Second Count" in the indictment.  Thus, we reject his argument.  Because Ritchie fails to explain how the court may have otherwise acted in an unreasonable, arbitrary, or unconscionable manner when it sentenced him, we conclude

that the trial court did not abuse its discretion in selecting the length of his prison term or driving suspension.[1]

{¶14}  Accordingly, we overrule Ritchie's "assignments of error" and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

---

[1] Ritchie attempts to make an argument that the court somehow abused its discretion by ignoring federal sentencing guidelines.  However, we fail to see their relevance to his Ohio conviction.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
       William H. Harsha
       Presiding Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**