[Cite as *Farm Credit Servs. of Mid Am. v. Pertuset*, 2013-Ohio-567.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

FARM CREDIT SERVICES OF MID-, : 
AMERICA, PCA,

                                        :

         Plaintiff-Appellee,                    Case Nos.    11CA3443

                                          :

         vs.                    DECISION AND JUDGMENT ENTRY        :

CARL E. PERTUSET, et al.,

                                       :

         Defendants-Appellants.

_____

APPEARANCES:

COUNSEL FOR APPELLANTS:    Bruce M. Broyles, The Law Office of Bruce M. Broyles,
                                    5815 Market Street, Suite 2, Boardman, Ohio 44512

COUNSEL FOR APPELLEE,       John E. Bowers, 233, North Street,
AMERICAN SAVINGS BANK    Circleville, Ohio 43113, Jeffrey B.
FSB:                              Sams, 10400 Blacklick Eastern Road, Ste. 140,
                                      Pickerington, Ohio, 43147, and Joshua D. Howard, 701
                                      Sixth Street, Portsmouth, Ohio 45662

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-5-13
ABELE, J.

{¶ 1}   This is an appeal from a Scioto County Common Pleas Court summary judgment in favor of American Savings Bank, fsb (American), defendant/cross-claimant below and appellee herein, on its claim against Carl E. Pertuset and Vera M. Pertuset, defendants below and appellants herein. Appellants' brief does not set forth assignments of error as App.R. 16(A)(3) requires, but, as appellee did in its brief, we will consider the proposed "assignments of error" filed with the appellants' initial appellate materials:

        FIRST ASSIGNMENT OF ERROR:

"PLAINTIFF/APPELLEE FAILED TO PRODUCE EVIDENCE THAT CONCLUSIVELY ESTABLISHED THAT THEY ARE THE PROPER PARTY IN INTEREST AND FAILED TO ESTABLISH PRIVITY WITH DEFENDANTS/APPELLEES [sic].   AS SUCH, THE TRIAL COURT'S JUDGMENT WAS VOID AB INITIO."

SECOND ASSIGNMENT OF ERROR:

"PLAINTIFF/APPELLEE FAILED TO CONCLUSIVELY ESTABLISH THE AMOUNT OF THEIR DAMAGES."

{¶ 2}   On June 5, 2009, Farm Credit Services of Mid-America, PCA commenced the instant action and alleged that appellants were in default of several promissory notes and sought foreclosure of mortgage and security interests given to secure those notes.   American, also named as a defendant because it might also claim an interest in the mortgaged premises, filed an answer and cross-claim and asserted that appellants were in default of a promissory note previously executed in its favor.   Furthermore, American claims that appellants gave them a mortgage on their property to secure payment of that note and the mortgage is the first and best lien on the premises.

{¶ 3}   Despite asking for leave to obtain "competent counsel" before responding, appellants filed a pro se answer that spans twenty-one pages and is, at best, difficult to understand.   The trial court took the answer as a denial of all allegations.   The case was stayed for a period of time when appellants filed for bankruptcy, but that case was dismissed the following year.

{¶ 4}   American requested a summary judgment and argued that no genuine issues of material fact exist and that it was entitled to judgment in its favor as a matter of law.   The motion included a supporting affidavit from Jack A. Stephenson, the Vice-President of

American, who attested to the authenticity of the note and mortgage (attached as evidentiary exhibits to the motion) that appellants executed and delivered to American on December 7, 2005. The affiant further attested that appellants owed "the sum of $160.001.52 as of June 15, 2009, together with interest thereon at the rate of $28.97 per day from June 15, 2009, until paid."

{¶ 5}   Appellants filed several memoranda in opposition to that motion.   Their first memorandum did not discuss the merits of American's motion, but rather the bankruptcy court proceedings.   Their second memoranda appears to allege, inter alia, that American did not possess the promissory note and is not the real party in interest.

{¶ 6}   The trial court concluded that no genuine issue of material fact exists and that American is entitled to judgment as a matter of law and later filed a judgment of foreclosure.[1] This appeal followed.[2]

I

{¶ 7}   Our analysis begins with the premise that appellate courts review summary judgments de novo. *Sutton Funding, L.L.C. v. Herres*, 188 Ohio App.3d 686, 2010-Ohio-3645, 936 N.E.2d 574, at ¶59; *Broadnax v. Greene Credit Service*, 118 Ohio App.3d 881, 887, 694 N.E.2d 167 ( 2nd Dist. 1997).   In other words, an appellate court will afford no deference to a trial court decision, *Sampson v. Cuyahoga Metro. Hous. Auth.*, 188 Ohio App.3d 250, 935

---

[1] Although the trial court labeled its decision as a "Judgment Entry," it was not the final appealable order as it ordered additional proceedings – i.e., an entry to be drafted consistent therewith.

[2] Although further proceedings are contemplated in this case, including sale of the foreclosed premises and distribution of proceeds, the foreclosure judgment is the final, appealable order in such proceedings. *Third National Bank of Circleville v. Speakman*, 18 Ohio St.3d 119, 120, 480 N.E.2d 411(1985); *Oberlin Savings Bank Co. V. Fairchild*, 175 Ohio St. 311, 312, 194 N.E.2d 580 (1963); *Queen City Savings & Loan Co. v. Foley*, 170 Ohio St. 383, 165 N.E.2d 633 (1960), at paragraph one of the syllabus.

N.E.2d 98, 2010-Ohio-3415, at ¶19; *Kalan v. Fox*, 187 Ohio App.3d 687, 933 N.E.2d 337,

2010-Ohio-2951, at ¶13, and, instead, will conduct its own independent review to determine

whether summary judgment is appropriate. *Woods v. Dutta*, 119 Ohio App.3d 228, 233-234, 695

N.E.2d 18 (4th Dist. 1997); *McGee v. Goodyear Atomic Corp.*, 103 Ohio App.3d 236, 241, 659

N.E.2d 317 (4th Dist. 1995).

{¶ 8}   Summary judgment under Civ. R. 56(C) is appropriate when a movant

demonstrates that (1) no genuine issues of material fact exist, (2) it is entitled to judgment as a

matter of law and (3) after the evidence is construed most strongly in favor of the non-movant,

reasonable minds can come to one conclusion and that conclusion is adverse to the non-moving

party. See *Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250, 2010-Ohio-1027, 927

N.E.2d 1066, at ¶103; *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696

N.E.2d 201 (1998).   The moving party bears the initial burden to show that no genuine issue of

material facts exist and that it is entitled to judgment as a matter of law. *Vahila v. Hall*, 77 Ohio

St.3d 421, 429, 674 N.E.2d 1164 (1997); *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d

264 (1996).   If that burden is satisfied, the onus shifts to the non-moving party to provide

rebuttal evidentiary materials. See *Trout v. Parker*, 72 Ohio App.3d 720, 723, 595 N.E.2d 1015

(4th Dist. 1991); *Campco Distributors, Inc. v. Fries*, 42 Ohio App.3d 200, 201, 537 N.E.2d 661

(2nd Dist. 1987).   With these principles in mind, we turn our attention to the instant case.

{¶ 9}   The aforementioned Stephenson affidavit established that (1) the copies of the

note and mortgage attached to American's cross-claim are "true and accurate copies of the

originals," (2) the note had "not been paid in accordance with [its] terms" and (3) American has

the right to have the mortgage foreclosed and chose to exercise that right.   This is sufficient for

American to carry its initial burden under Civ.R. 56(C).

{¶ 10} The burden then shifted to appellants to provide rebuttal evidentiary materials. Our review of their various memoranda contra, at least to the best of our ability to understand their contentions, do not contain anything sufficient to satisfy their burden of rebuttal.   Thus, we believe that the trial court correctly awarded summary judgment in American's favor.

II

{¶ 11} In their first proposed assignment of error, appellants argue that American did not establish (1) privity of contract with them, and (2) that American is the proper party in interest. This argument fails, however, as the original note and mortgage show that they were executed in American's favor.   In light of Stephenson's affidavit that the note and mortgage are true and correct copies of the originals, American established both privity and that they are the correct party in interest.   Appellants provided no Civ.R. 56(C) evidentiary materials to show that American had since transferred the instruments to another institution or entity or person.

{¶ 12} For these reasons, we find no merit in appellant's first proposed assignment of error and it is hereby overruled.

III

{¶ 13} Appellants assert in their second proposed assignment of error that American failed to conclusively establish the amount of their damages.   We disagree with appellant.   The Stephenson affidavit attested that appellants owed American "the sum of $160,001.52 as of June 15, 2009, together with interest thereon at the rate of $28.97 per day from June 15, 2009, until paid."   Appellants offered no evidentiary materials to counter that attestation.   Accordingly, we find no merit in their second assignment of rule and it is hereby overruled.

{¶ 14} Having considered and rejected appellants' proposed assignments of error and arguments we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

**[Cite as *Farm Credit Servs. of Mid Am. v. Pertuset*, 2013-Ohio-567.]**
JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Kline, J.: Concur in Judgment & Opinion
For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.