[Cite as *State v. Esparza*, 2013-Ohio-2138.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY


STATE OF OHIO,                          :

    Plaintiff-Appellee,                  :       Case No.   12CA42

    vs.                                          :

GEORGE ESPARZA,                     :       DECISION AND JUDGMENT ENTRY


    Defendant-Appellant.             :

_____

APPEARANCES:

PRO SE APPELLANT:          George Esparza, 15940 State Route 821, Elba, Ohio 45746

COUNSEL FOR APPELLEE:          Paul G. Bertram, III, Marietta City Law Director, and
Daniel Everson, Assistant Law Director, 30 Putnam Street,
Marietta, Ohio 45750

_____
CRIMINAL APPEAL FROM MUNICIPAL COURT
DATE JOURNALIZED: 5-17-13
ABELE, J.

{¶ 1}   This is an appeal from a Marietta Municipal Court judgment of conviction and

sentence.   George Esparza, defendant below and appellant herein, was found guilty of speeding

in violation of R.C. 4511.21.   Appellant assigns the following errors for review[1]:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT COMMITTED REVERSAL [sic] ERROR
> BY ALLOWING THE PROSECUTION TO KNOWINGLY AND
> DELIBERATELY WITHHOLD DISCOVERY AND

---

[1]  Appellant's brief does not set forth a separate statement of the assignments of error.    See App.R. 16(A)(3).
Consequently, we take the assignments of error from the brief's table of contents.

EXCULPATORY EVIDENCE FROM DEFENDANT
PURSUANT TO CRIMINAL RULE 16.”

SECOND ASSIGNMENT OF ERROR:

“THE TRIAL COURT PREJUDICE [sic] THE DEFENDANT’S
CASE BY ACCEPTING THE OFFICERS [sic] TESTIMONY
THAT HE WAS QUALIFIED TO OPERATE THE PYTHON III,
ALTHOUGH THE EXHIBITS AND EVIDENCE ARE
CONTRARY TO THE TESTIMONY OFFERED BY THE
HIGHWAY PATROL OFFICER.”

{¶ 2}   On July 17, 2012, authorities issued a uniform traffic ticket that charged appellant with driving eighty-nine (89) miles per hour in a sixty-five (65) mile per hour zone.   Appellant requested discovery and asked, inter alia, for all materials concerning any “mechanical device (radar)” used to determine his speed.   The State responded that the "Python Series III” is the radar device involved and explained that it had provided a copy of the “tuning fork frequency measurement report” to show the unit's calibration.   Appellant later filed what the trial court treated as a motion to compel discovery, and argued that the State was unable, or allegedly unwilling, to turn over additional materials in response to appellant’s request.

{¶ 3}   It is unclear from our review of the record when the matter came on for trial. However, on September 18, 2012 the trial court filed a judgment that adjudicated appellant guilty of speeding and assessed a $65 fine.   This appeal followed.

I

{¶ 4}   Appellant’s first assignment of error asserts that the trial court allowed the prosecution to withhold exculpatory evidence that should have been provided under Crim.R. 16. However, we note that appellant's argument first appears to assert that he had not been given a Python III radar unit manual, but then admits that he received the manual.   Appellant then

appears to take umbrage at the State's response that it was not aware of anything that interfered with the radar on that day, even though appellant offers nothing to contradict that response. Finally, it seems that appellant claims that the trial court did not order the State to produce previous speeding citations the arresting officer had issued, even though appellant does not argue how that information would have been relevant.

{¶ 5} At the outset, we note that although courts generally are lenient with pro se litigants, such leniency does not require us to construct their arguments for them. *State v. Headlee*, 4th Dist. No. 08CA6, 2009-Ohio-873, at ¶6; *State v. Chilcutt*, 3rd Dist. Nos. 3-03-16 & 3-03-17, 2003-Ohio-6705, at ¶9. Here, appellant has not set forth an argument or claim that we need address.

{¶ 6} Additionally, as appellant argues in his brief, any Crim.R. 16 violation constitutes reversible error only when (1) the prosecution willfully failed to disclose the evidence, (2) the disclosure of the information prior to trial would have aided the accused's defense, and (3) the accused suffered prejudice. See *State v. Jackson*, 107 Ohio St.3d 53, 2005-Ohio-5981 836 N.E.2d 1173, at ¶131. Here, appellant has not persuaded us that he has satisfied the latter two requirements – (i.e., the allegedly withheld evidence would have aided his defense or that he suffered prejudice). None of the materials that appellant requested would have shown that the radar gun malfunctioned on the day in question.

{¶ 7} Accordingly, for these reasons, we hereby overrule appellant's first assignment of error.

II

{¶ 8} Appellant asserts in his second assignment of error that the trial court erred by

accepting the testimony of the officer who issued the citation.   We will not consider this assignment of error, however, because appellant did not provide a transcript of the proceedings. In the absence of a transcript, a reviewing court will afford trial court proceedings a presumption of correctness.   *State v. Beach*, 4th Dist. No. 11CA4, 2012-Ohio-1630, at ¶7; *State v. Trent*, 4th Dist. No. 08CA3079, 2009-Ohio-3923, at ¶6.   Thus, we do not address appellant's argument.

{¶ 9}   Accordingly, we hereby affirm appellant's second assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *State v. Esparza*, 2013-Ohio-2138.]

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

<u>NOTICE TO COUNSEL</u>

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.