[Cite as *Ohio Valley Resource Conservation & Dev v. Pertuset.*, 2013-Ohio-5406.]
IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

OHIO VALLEY RESOURCE                   :
CONSERVATION & DEVELOPMENT,
                                       :   Case No.        12CA3503
        Plaintiff-Appellee,
                                       :
        vs.
                                       :
CARL AND VERA PERTUSET, et al.
        Defendants-Appellants.

                                       :

DECISION AND JUDGMENT ENTRY            :
_____

APPEARANCES:

APPELLANTS PRO SE:          Carl E. Pertuset and Vera Pertuset, 82 Jacquays Run Road,
                            McDermott, Ohio 45652

COUNSEL FOR APPELLEE:       James P. Dady, Mapother & Mapother, 815 West Market
                            Street, Ste. 500, Louisville, Kentucky 40202

_____
CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 11-25-13
ABELE, J.

{¶ 1}    This is an appeal from a Scioto County Common Pleas Court summary judgment

in favor of Ohio Valley Resource Conservation & Development (Ohio Valley), plaintiff below

and appellee herein, on its claims against Carl and Vera Pertuset (Pertusets), defendants below

and appellees herein.

{¶ 2}    The Pertusets' brief does not set forth any assignments of error.   Given that a

reviewing court's determination of an appeal is based on the merits of such assignments of error,

see App.R. 12(A)(1)(b), we would be justified in refusing to review their arguments altogether

and dismiss their appeal.    See, generally, App.R. 12(A)(2); also see e.g. *Cardi v. State*, 10th Dist.

Franklin No. No. 12AP– 15, 2012-Ohio-6157, at ¶15; *Johnson v. Huddle*, 4th Dist. Lawrence No.

03CA19, 2004-Ohio-410, at ¶1, fn. 1.    Nevertheless, in the interests of justice, we believe that

the Pertusets' arguments can best be summarized in the following assignment of error that we

posit on their behalf[1]:

> "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S
> MOTION FOR SUMMARY JUDGMENT."

**{¶ 3}**    Ohio Valley commenced the instant action on March 7, 2011 by a complaint that

alleged, inter alia, that the Pertusets breached a promissory note, as well as lease agreements, for

several pieces of machinery.    Ohio Valley asked for monies due under those instruments and an

order for the return of the machinery.    The Pertusets responded with several filings that are

difficult to decipher.

**{¶ 4}**    Ohio Valley requested summary judgment, but the proceedings were stayed when

the Pertusets filed for bankruptcy.    The United States Bankruptcy Court for the Southern District

of Ohio later dismissed their case after they failed to file a workable plan for a Chapter Twelve

bankruptcy.

---

[1] This Court generally affords considerable leniency to the filings of pro se litigants. *Robb v. Smallwood*, 165 Ohio App.3d 385, 2005-Ohio-5863, 846 N.E.2d 878, at ¶5 (4th Dist.); *State v. Ritchie*, 4th Dist. Pickaway No. 10CA20, 2011-Ohio-164, at ¶5.    On the other hand, we warn such litigants that leniency does not require us to construct full-blown arguments out of, what is oftentimes, gibberish.    See *State v. Esparza*, 4th Dist. Washington No. 12CA42, 2013-Ohio-2138, at ¶5; *Karmasu v. Bendolf*, 4th Dist. Scioto No. 93CA2160, 1994 WL 529961 (Sep. 28, 1994).    It may arguably be improper for us to frame an assignment of error on the Pertusets' behalf when they failed to do so themselves and when this Court has warned them about this deficiency on prior occasions. See e.g. *Am. Savings Bank v. Pertuset*, 4th Dist. Scioto No. 11CA3442, 2013-Ohio-566, at ¶1; *Farm Credit Servs. of Mid Am. v. Pertuset*, 4th Dist. Scioto No. 11CA3443, 2013-Ohio-567, at ¶1. Be that as it may, the record in this case suggests that their property may be at stake and we feel compelled to afford as much leeway to their position as possible.

{¶ 5}   The Pertusets continued to file pleadings with the trial court and finally, on July 26, 2012, the trial court entered judgment in Ohio Valley's favor and granted it monies due under the lease(s) and note, as well as immediate possession of the subject farm equipment.   This appeal followed.

{¶ 6}   Our analysis begins with the settled premise that appellate courts review summary judgments de novo. *Sutton Funding, L.L.C. v. Herres*, 188 Ohio App.3d 686, 2010-Ohio-3645, 936 N.E.2d 574, at ¶59; *Broadnax v. Greene Credit Service*, 118 Ohio App.3d 881, 887, 694 N.E.2d 167 (2nd Dist. 1997).   In other words, we afford no deference to a trial court's decision, see *Sampson v. Cuyahoga Metro. Hous. Auth.*, 188 Ohio App.3d 250, 935 N.E.2d 98, 2010-Ohio-3415, at ¶19; *Kalan v. Fox*, 187 Ohio App.3d 687, 933 N.E.2d 337, 2010-Ohio-2951, at ¶13, and conduct our own, independent review to determine if summary judgment is appropriate.   *Woods v. Dutta*, 119 Ohio App.3d 228, 233-234, 695 N.E.2d 18 (4th Dist. 1997); *McGee v. Goodyear Atomic Corp.*, 103 Ohio App.3d 236, 241, 659 N.E.2d 317 (4th Dist. 1995).

{¶ 7}   Summary judgment under Civ. R. 56(C) is appropriate when a movant shows that (1) no genuine issues of material fact exists, (2) it is entitled to judgment as a matter of law and (3) after the evidence is construed most strongly in favor of the non-movant, reasonable minds can come to one conclusion and that conclusion is adverse to the non-moving party.   See *Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250, 2010-Ohio-1027, 927 N.E.2d 1066, at ¶103; *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N .E.2d 1197 (1996).   The moving party bears the initial burden to show that no genuine issue of material facts exist and that it is entitled to judgment as a matter of law. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997);

*Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). If that burden is satisfied, the

onus shifts to the non-moving party to provide rebuttal evidentiary materials. See *Trout v.*

*Parker*, 72 Ohio App.3d 720, 723, 595 N.E.2d 1015 (4th Dist. 1991); *Campco Distributors, Inc.*

*v.. Fries*, 42 Ohio App.3d 200, 201, 537 N.E.2d 661 (2nd Dist. 1987).

**{¶ 8}** Ohio Valley's summary judgment motion incorporated the affidavit of Beth Bell,

an Ohio Valley employee, who stated that the Pertusets were in default of the aforementioned

leases and note.[2] This was sufficient for Ohio Valley to carry its initial summary judgment

burden and shifts the onus to the Pertusets to provide rebuttal evidentiary materials. Our review

of the record, however, finds nothing to constitute a legitimate challenge to Ohio Valley's Civ.R.

56(C) evidentiary materials.

**{¶ 9}** Carl Pertuset's affidavit, filed on July 14, 2011 in conjunction with a

memorandum opposing a previous motion for judgment on the pleadings, does not deny that he

and his wife signed the note and leases, or that he was in default. Both Pertusets filed

"Affidavits of Truth & Facts" on May 16, 2012, but neither challenge attestations in Bell's

affidavit. In short, we agree with the trial court's conclusion that the Pertusets failed to carry

their burden of rebuttal under Civ.R. 56(C).

**{¶ 10}** The Pertusets counter, in the first sentence of the argument set out in their brief,

that "[t]his case demonstrates the utter disregard by Appellee of the realities facing working

people in Ohio in this period of economic crisis." We are greatly sympathetic to the Pertusets

---

[2] Bell's affidavit was originally submitted in support of a Civ.R. 12(C) motion for judgment on the pleadings. Although Ohio Valley later withdrew that motion, its Civ. 56 summary judgment motion incorporated by reference that affidavit.

and to others who experience harsh and lingering economic pain in this economic climate. However, the leases and note are binding contracts and must be upheld. Further, if we were to ignore the property rights of Ohio Valley in those leases and note, we could also injure Ohio Valley's shareholders and impede Ohio Valley's ability to extend credit to other farmers who may need their service.

{¶ 11} It is also argued that Ohio Valley violated "GAAP" and "GAAS" that, the Pertusets argue in their brief, the company is "mandated to follow." Even assuming, arguendo, that this is the case, any such violations are a matter for regulators and do not change the fact the Pertusets have produced no Civ.R. 56(C) evidentiary materials to show that they were not in default of the note and lease agreements.

{¶ 12} For all these reasons, we find no error in the trial court's decision to grant summary judgment. The Pertusets "assignment of error" is thus without merit and is hereby overruled and we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *Ohio Valley Resource Conservation & Dev v. Pertuset.*, 2013-Ohio-5406.]
<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and appellee recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment & Opinion
                            For the Court

BY:_____
Peter B. Abele, Judge


NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.