## Post v. Post
*[Cite as 4 AOA 63]*

*Case No. 1267*
*Darke County (2nd)*
*Decided June 12, 1990*

*Alex DeMarco, 212 W. National Road. Vandalia. OH 45377, for Respondent-Appellee.*

*Robert D. Goelz, 318 West Fourth Street, Dayton, Oh 45402, for Movant-Appellant.*

FAIN, J.

Movant-appellant Carl Z. Post appeals from the trial court's denial of his motion to hold respondent-appellee Kimala F. Post in con-tempt upon the ground that it had no jurisdiction in the matter. Mr. Post contends that the trial court erred when it treated its entry of August 18, 1989, vacating a decree of dissolution of marriage as a valid and effective entry of vacation. Mr. Post contends that the trial court's entry purporting to vacate the prior dissolution decree was void for lack of jurisdiction, so that the dissolution decree remained in effect and enforceable by the trial court.

We conclude that we are compelled to agree with Mr. Post pursuant to *State, ex rel Special Prosecutors v. Judges* (1978), 55 Ohio St. 2d 94, 97. Accordingly, although we would prefer to treat the trial court's entry vacating its prior dissolution decree as having constituted merely reversible error, we conclude that we are compelled to hold that the trial court's vacation entry was void, for lack of jurisdiction, so that the dissolution decree remains in full force and effect, subject to enforcement by the trial court.

Accordingly, the trial court's entry denying, for lack of jurisdiction, Mr. Post's motion to hold Mrs. Post in contempt will be reversed, and this cause will be remanded to the trial court for further proceedings.

I

The Posts filed a petition for dissolution of marriage in the Darke County Pleas Court in December, 1988. Subsequently, the Posts ap-

peared before the trial court and acknowledged, under oath, that they wished to terminate their marriage.

Ultimately, a decree of dissolution of marriage was filed, accompanied by an amended separation and property settlement agreement signed by the parties.

At the time of the in-court hearing, the agreement between the parties provided that Mrs. Post was to have the custody of the minor children of the parties and Mr. Post was to pay child support. The amended separation and property settlement agreement executed by the parties and incorporated into the decree of dissolution of marriage provided that Mr. Post was to have the custody of the children, and that Mrs. Post was to pay child support.

Mrs. Post filed a timely notice of appeal from the decree of dissolution. Subsequently, Mrs. Post filed a motion for relief from judgment pursuant to Civ. R. 60(B), seeking vacation of the dissolution decree.

During the pendency of Mrs. Post's appeal from the dissolution decree, the trial court granted her motion for relief from judgment in an entry filed August 18, 1989. The trial court based its vacation of the decree upon non-compliance with the requirements of R. C. §3105.64.

Thereafter, Mrs. Post's appeal from the dissolution decree was dismissed for want of prosecution, Mrs. Post having failed to file a brief after having received four extensions of time in which to do so.

No appeal was taken from the trial court's vacation of the dissolution decree. Thereafter, Mrs. Post filed a complaint for divorce in the Darke County Common Pleas Court, and sought temporary custody. Mr. Post then filed the motion giving rise to the present appeal. This was a motion in the dissolution cause, seeking to hold Mrs. Post in contempt for failure to comply with the provisions of the dissolution decree pertaining to the custody of the children.

Subsequently, the trial court denied Mrs. Post's motion for temporary custody and ordered the children, who were then in Mrs. Post's possession, returned to Mr. Post. Mrs. Post then voluntarily dismissed her divorce action in Darke County, and filed a complaint for divorce in the Butler County Common Pleas Court.

Against this background, the trial court ruled upon Mr. Post's motion to hold Mrs. Post in contempt, filed in the dissolution cause, in an entry, the full text of which is as follows:

"Before the Court is the motion of the Petitioner Carl Z. Post, to find the co-petitioner, Kimala F. Post, in contempt of the Order filed on the 28th day of April, 1989.

"The Court finds that an action for divorce has been filed by Kimala F. Post in Butler County, Ohio, where she now resides. Judge Leslie Spillane has assumed jurisdiction over the divorce action and this court declines to make any orders in conflict with Judge Spillane's orders. The Court finds it has no jurisdiction to proceed further with the dissolution proceedings and defers to the Butler County action.

"The motion for contempt is ordered overruled."

From the denial of his motion to hold Mrs. Post in contempt, Mr. Post appeals

II

Mr. Post's sole Assignment of Error is as follows:

"THE LOWER COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT IT HAD NO JURISDICTION TO PROCEED PURSUANT TO APPELLANT'S MOTION TO FIND APPELLEE IN CONTEMPT."

Mr. Post argues that the trial court lost jurisdiction to vacate the dissolution decree, pursuant to Civ. R. 60(B), when Mrs. Post filed her notice of appeal from the dissolution decree, thereby invoking the jurisdiction of this court.

As a threshold matter, we must deal with Mrs. Post's contention that the denial of Mr. Post's motion to hold her in contempt is not a final appealable order. Mrs. Post cites R.C. §2505.02, which provides, in pertinent part, as follows:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without re-trial."

In this case, Mr. Post contends that the entry vacating the dissolution decree was void for lack of jurisdiction, so that the dissolution decree remains in full force and effect. If Mr. Post is correct in this contention, an important aspect of the dissolution decree is its provision for the custody of the children. Mr. Post is simply seeking the assistance of the trial court in enforcing the provisions of the divorce decree relating to the children. By denying Mr. Post's motion to

hold Mrs. Post in contempt, the trial court has effectively precluded Mr. Post from enforcing the provisions of the dissolution decree dealing with custody of the children. Therefore, that denial would appear to affect a substantial right, and would appear to have been made in a special proceeding or upon a summary application in an action after judgment. Therefore, we conclude that the trial court's holding that it is without jurisdiction to entertain Mr. Post's motion or otherwise to enforce the provisions of the dissolution decree pertaining to custody of the children is a final appealable order.

In support of the proposition that the entry purporting to vacate the dissolution decree is void for lack of jurisdiction, Mr. Post cites, among other authorities, *State, ex rel. Special Prosecutors v. Judges, supra*, in which it was held that a trial court lost jurisdiction to grant a motion to withdraw a guilty plea during the pendency of the criminal defendant's appeal from his conviction. Although, in that case, the appeal had concluded, resulting in an affirmance of the judgment of conviction based on the guilty plea, the Supreme Court's holding, stated as follows, supports Mr. Post's contention:

"* * *, in the instant cause, the trial court's granting of the motion to withdraw the guilty plea and the order to proceed with a new trial were inconsistent with the judgment of the Court of Appeal affirming the trial court's conviction premised upon the guilty plea. The judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment. *Accordingly, we find that the trial court lost its jurisdiction when the appeal was taken, and, absent a remand, it did not regain jurisdiction subsequent to the Court of Appeals decision.*" 55 Ohio St. 2d 97 (emphasis added).

Thus, we conclude that we are bound, by the Supreme Court's holding in the above-cited case, to hold that the entry of the trial court in the case before us that purported to vacate its previous decree of dissolution of marriage is void for lack of jurisdiction, so that the dissolution decree remains in full force and effect. As in *State, ex rel. Special Prosecutors v. Judges, supra*, in the case before us, the granting of the motion to vacate the judgment on appeal, if recognized, would have had the effect of withdrawing from this court's consideration the very judgment that was on appeal. Accordingly, we conclude that the holding in *State, ex rel. Special Prosecutors v. Judges, supra*, is on all fours with the circumstances in the case before us.

We follow this holding reluctantly, and would urge the Supreme Court to reconsider its holding. We view as unwise the expansion of those categories of errors that will be deemed to be of jurisdictional magnitude. The unfortunate result of deeming a trial court's error to be of jurisdictional magnitude, thereby resulting in a void judgment, is apparent in this case. Although, as a result of our holding, the trial court had no jurisdiction to grant Mrs. Post's motion to vacate the dissolution decree at the time that the trial court did so, because an appeal was then pending, there is no such jurisdictional infirmity at this time. At any time after our judgment in this appeal, the trial court may properly consider Mrs. Post's motion to vacate the dissolution decree, concerning which a hearing in which both parties participated with their attorneys has already been held. If the trial court were once again to decide to vacate the dissolution decree, the ultimate result of our disposition of this appeal could only be described as silly, since it would only have served to postpone the inevitable. Had Mr. Post waited twenty years to attack the vacation, however, the result of holding the vacation entry to be jurisdictionally void would be worse than merely silly, since the dissolution decree would thereby be restored to full force and effect, which, in turn, would render any subsequent divorce judgment jurisdictionally void.

In our view, any action by a trial court, which it would otherwise be competent to take, that interferes with the exercise of an appellate court's jurisdiction concerning a pending appeal, should simply be treated as reversible error, not as jurisdictionally void.

The line of cases cited by Mr. Post and by many courts in support of the proposition that a trial court loses jurisdiction when a case is appealed--*State ex rel. Continental Casualty Co. v. Birrell* (1955), 154 Ohio St. 390; *Barnes v. Christy* (1921), 102 Ohio St. 160; and *McCormac v. McCormac* (1929), 124 Ohio St. 440--were all decided in a previous era when courts of appeals had jurisdiction as to questions of both law and fact. The entire case was transferred to the appellate court for trial *de novo*. In such a jurisprudential scheme, it is easy to see why a trial court was deemed to have lost its jurisdiction once jurisdiction was assumed by the appellate court.

In the modern era, it makes less sense to think of the trial court as having lost its jurisdiction once an appeal has been filed. As many courts have noted, the trial courts certainly retain jurisdiction to enforce judgments on ap-

peal, and to do many other things that are not inconsistent with the appellate court's exercise of its appellate jurisdiction. Thus, in the modern era, both the trial court and the appellate court may properly exercise jurisdiction in the same case at the same time.

In our view, sound jurisprudence would require that the trial court refrain from taking any action in the exercise of its jurisdiction that would interfere with the appellate court's exercise of its appellate jurisdiction. This would include refraining from vacating a judgment currently under review by the appellate court. However, in our view it makes more sense to treat this as an ordinary rule of jurisprudence, not as a matter of jurisdiction.

We have found in the statutes conferring jurisdiction upon a common pleas court to exclude from within the grant of jurisdiction acts that are inconsistent with the exercise of appellate jurisdiction by an appellate court. Expansion of the class of those jurisprudential errors deemed to have jurisdictional significance leads invariably to the problems that arise from judgments that may be collaterally attacked years later, to the consternation of those parties who have relied, in good faith, upon those judgments, and to the dismay of tribunals that have undertaken extensive proceedings in reliance upon those judgments. In the case before us, for example, Mr. Post might have made the same attack upon the entry purporting to vacate the dissolution decree twenty years from now, after extensive proceedings in the Butler County Common Pleas Court in reliance upon the efficacy of that vacation, and our holding in this case would support his right to do so.

In all of the other cases cited by Mr. Post, it was not necessary to hold that the trial court's act interfering with an appellate court's exercise of its appellate jurisdiction was jurisdictionally void, in order to reach the actual holding of those cases. Thus, in several of those cases, the holding was simply that the trial court had properly declined to take the requested action during the pendency of an appeal. *Wagner v. Wagner* (July 10, 1987), Montgomery App. No. 10115, unreported; *Conway v. Smith* (1979), 66 Ohio App. 2d 65; and *Garrett v. Garrett* (1977), 54 Ohio App. 2d 25. In one other case, *State v. Watson* (1975), 48 Ohio App. 2d 110, a trial court's dismissal of an action pending an appeal from that action was reversed, but it was not necessary to treat the trial court's dismissal as jurisdictionally void, because an appeal was taken directly from the dismissal.

The result would have been the same had the appellate court simply regarded the dismissal as reversible error in view of the pendency of the appeal.

In two other cases cited by Mr. Post, *Keane v. Ford Motor Co.* (1984), 17 Ohio App. 3d 111; and *State v. Lett* (1978), 58 Ohio App. 2d 45, the appellate court upheld action by a trial court pending appeal, upon the ground that that action was not inconsistent with the appeal.

The result in *State, ex rel. Special Prosecutors v. Judges, supra*, which we reluctantly follow, could have been obtained without a holding that the trial court lost its jurisdiction when the appeal was taken. In that case, the trial court actually granted a motion to withdraw a guilty plea after the appellate court had affirmed the judgment of conviction based upon the guilty plea. The Supreme Court could have limited its holding to apply only to actions by a trial court that are inconsistent with a *judgment* by an appellate court, but it did not do so.

Because we reluctantly conclude that Mr. Post is correct in his contention that the trial court's purported vacation of the decree of dissolution of marriage was a jurisdictional nullity, it follows that the trial court erred when it concluded that it had no jurisdiction to enforce the dissolution decree. Of course, on remand, the trial court is free to consider Mrs. Post's motion to vacate the dissolution decree, since the appeal with which that vacation interfered is no longer pending.

Finally, we must note that it would be a manifest injustice to *punish* Mrs. Post for having treated the dissolution decree as having been vacated, since the very court that entered that decree purported to vacate it. However, while it would be unjust to punish Mrs. Post for her refusal to comply with the dissolution decree, coercive sanctions intended solely to force Mrs. Post to comply with the decree--not to punish her for her past refusal to comply-would not be unjust, but would be appropriate so long as they provide for reasonable opportunities for Mrs. Post to purge herself of contempt.

Mr. Post's sole Assignment of Error is sustained.

### III

Mr. Post's sole Assignment of Error having been sustained, the judgment of the trial court denying his motion for contempt will be Reversed, and this cause will be Remanded for further proceedings.

*Judgment reversed and
cause remanded.*

BROGAN, J., concurs.
GRADY, J., concurring in judgment only.