[Cite as *Quality Car & Truck Leasing, Inc. v. Pertuset*, 2013-Ohio-1964.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

QUALITY CAR & TRUCK LEASING,
INC.,

      Plaintiff-Appellee,               Case Nos.   11CA3436

      vs.

CARL E. PERTUSET, et al.,            DECISION AND JUDGMENT ENTRY   :

      Defendants-Appellants.

_____

APPEARANCES:

PRO SE APPELLANTS:        Carl E. Pertuset and Vera Pertuset, 82 Jacquays Run Road, McDermott, Ohio 45652, Pro Se, and James H. Banks, P.O. Box 40, Dublin, Ohio 43017[1]

COUNSEL FOR APPELLEE:     Mapother & Mapother, P.S.C., James P. Dady, 815 West Market Street, Ste 500, Louisville, Kentucky 40202

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 5-3-13

ABELE, J.

{¶ 1}   This is an appeal from a Scioto County Common Pleas Court judgment on the pleadings in favor of Quality Car & Truck Leasing, Inc., plaintiff below and appellee herein, on its claims against Carl E. Pertuset and Vera M. Pertuset, defendants below and appellants herein. Appellants' brief does not assign any errors as App.R. 16(A)(3) requires, but because their

_____

[1] Appellants represented themselves during the entirety of the trial court proceedings. Appellants also filed their initial brief on appeal pro se. However, counsel later filed a reply brief on their behalf.

notice of appeal refers to the judgment on the pleadings, and because we afford considerable leniency to pro se litigants, we will treat appellants as having assigned the following error for review:

> "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS."

{¶ 2} Appellee commenced the instant action and alleged that appellants were in default of seven installment sales contracts used to purchase equipment. As a result of that default, appellees continued, it was entitled to recover the equipment pledged as security for those contracts. Appellants filed a "notice of appearance" to which they attached copies of the summons and complaint with a stamp that stated "refused for cause consent not given permission denied."

{¶ 3} Appellee subsequently filed a Civ.R. 12(C) motion for judgment on the pleadings. Appellants did not respond to that motion, but, instead, filed a motion to dismiss and argued, inter alia, the failure to state a claim upon which relief could be granted, lack of jurisdiction and "fraud." After due consideration, the trial court granted appellees' motion for judgment for judgment on the pleadings. This appeal followed.

{¶ 4} We construe appellants' brief to argue that the trial court erred by granting appellee judgment on the pleadings. Civ.R. 12(C) provides that after the pleadings are closed, a party may request judgment. Generally, appellate courts review a trial court's entry of judgment on the pleadings de novo, which in other words, means that no deference is afforded to the trial court's determination. Instead, an appellate court will conduct an independent review. *Fontbank, Inc. v. CompuServe, Inc.*, 138 Ohio App.3d 801, 807, 742 N.E.2d 674 (10th Dist.

2000); *Ogle v. Ohio Power Co.*, 180 Ohio App.3d 44, 2008-Ohio-7042, 903 N.E.2d 1284, at ¶4 (4th Dist.).    Furthermore, judgment on the pleadings is appropriate if, after construing all material allegations set forth in the complaint in favor of the nonmoving party, together with all reasonable inferences, the trial court finds, beyond doubt, that the non-moving party can prove no set of facts that entitle it to relief.    See *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.* , 106 Ohio St.3d 412, 2005-Ohio-5409, 835 N.E.2d 701, ¶2; *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

{¶ 5}    Applying these principles to the case sub judice, we conclude that the trial court did not err by granting judgment on the pleadings.   Appellee alleged that (1) appellants entered into a number of installment sale contracts, (2) appellants defaulted on those contracts, and (3) appellee is entitled to possession of the collateral pledged to secure those contracts.   Appellants, however, did not answer and deny those claims.   Rather, appellants filed a motion to dismiss for fraud, lack of jurisdiction and the failure to state a claim upon which relief could be granted.   As appellee noted in its reply memorandum, however, appellants failed to "set forth any facts or legal support for their motion."   Furthermore, as we noted above, appellee set out claims for relief in breach of the installment sale contracts, thereby negating any argument appellants had under Civ.R. 12(B)(6).

{¶ 6}    Our review of appellants' pro se brief reveals numerous factual defenses against the action; however, none of the defenses appear substantiated by the record on appeal and, furthermore, none were offered during the trial court proceedings.   A reply brief, filed by appellate counsel, asserts that "judgment on the pleadings may [only] be granted where no material factual issue exists."   We agree with this proposition.   The problem here, however, is

that appellants did not contest any of the allegations, including the factual allegations, set forth in the complaint.

{¶ 7}   Counsel also argues that the trial court erred by granting judgment on the pleadings without holding an evidentiary hearing, or requiring some type of affidavit from the appellee.   We disagree.   This proceeding was not a Civ.R. 56 summary judgment proceeding. No hearing is required, See *Citibank (South Dakota) N.A. v. Fischer*, 6th Dist. No. S-06-038, 2007-Ohio-1322, at ¶26, nor is there any requirement under the rule that the moving party must submit an affidavit.   A motion under Civ.R. 12(C) presents only questions of law, and the determination of the motion is restricted solely to the allegations in the pleadings. *Maynard v. Norfolk S. Railway*, 4th Dist. No. 08CA3267, 2009-Ohio-3143, at ¶12; *Ruble v. Ream*, Washington App. 03CA14, 2003-Ohio-5969, at ¶8.

{¶ 8}   Finally, counsel argues that the judgment on the pleadings should not have been granted because appellee's claim was on an account and that it did not attach a copy of that account to the complaint as Civ.R. 10(D)(1)[2] requires.   We disagree.   In the case sub judice, appellees claims are based on the alleged breach of several installment sale contracts.   Attached to the complaint are copies of those contracts.   Civ.R. 10(D)(1) does not require a claimant to attach all documents relative to the claim, but "only the written instrument upon which the claim . . . is founded must be attached to the pleading." Fink, Greenbaum & Wilson, *Guide to the Ohio Rules of Civil Procedure,* Section 10-6, 10-9 (2001).   Appellee satisfied those requirements in its motion.   Moreover, any Civ.R. 10(D) defect is waivable if the opposing party failed to make

---

[2] Civ.R. 10(D)(1) requires that, when any claim is founded on an account or other written instrument, a copy of that account or written instrument must be attached to the complaint.

a timely Civ.R.12(E) or (F) motion.

{¶ 9}   For all these reasons, we find no error in the trial court's entry of judgment on the pleadings and we hereby overrule the "assignment of error."   Accordingly, based upon the foregoing reasons, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.


## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Hoover, J.: Concur in Judgment & Opinion

For the Court


BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.