[Cite as *Quality Car & Truck Leasing, Inc. v. Pertuset*, 2014-Ohio-1291.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

QUALITY CAR & TRUCK             :
LEASING, INC.,                  :
                                :
    Plaintiff-Appellee,       :        Case No. 13CA3565
                                :
    vs.                       :
                                :        <u>DECISION AND JUDGMENT</u>
CARL E. PERTUSET, et al.,        :        <u>ENTRY</u>
                                :
    Defendants-Appellants.    :        **Released: 03/27/14**
_____

<u>APPEARANCES:</u>

Bruce M. Broyles, The Law Office of Bruce M. Broyles, Boardman, Ohio, for Appellants.

Chadwick K. Sayre, Portsmouth, Ohio, for Appellee.
_____

McFarland, J.

**{¶1}** This is an appeal from a Scioto County Common Pleas Court judgment denying Carl and Vera Pertuset's, Appellants herein, motion to vacate a prior grant of judgment on the pleadings in favor of Quality Car & Truck Leasing, Inc., Appellee herein. On appeal, Appellants contend that the trial court erred in their motion to vacate the July 11, 2011, judgment on the pleadings, which we note has already been affirmed on appeal, without remand, by this Court in *Quality Car & Truck Leasing, Inc. v. Carl E. Pertuset, et al.,* Scioto No. 11CA3436, 2013-Ohio-1964 (*Pertuset I*) on May

3, 2013.  Because this Court has already affirmed the trial court's grant of judgment on the pleadings in favor of Appellees, and because Appellants' current argument could and should have been raised as part of the direct appeal, Appellants' argument is barred by the doctrines of res judicata and law of the case.

                                                    FACTS

{¶2} This matter is now before us on appeal for a third time.[1]  As such, we set forth the facts, as already stated in *Pertuset I.*

"Appellee commenced the instant action and alleged that appellants were in default of seven installment sales contracts used to purchase equipment. As a result of that default, appellees continued, it was entitled to recover the equipment pledged as security for those contracts. Appellants filed a 'notice of appearance' to which they attached copies of the summons and complaint with a stamp that stated 'refused for cause consent not given permission denied.'

Appellee subsequently filed a Civ.R. 12(C) motion for judgment on the pleadings. Appellants did not respond to that

---

[1] While *Pertuset I* was pending on appeal, Appellants filed a series of motions in the trial court claiming Appellees lacking standing and that the trial court lacked subject matter jurisdiction over the case.  The trial court denied Appellants' motions and Appellants filed another appeal (*Pertuset II*).  We, however, administratively dismissed *Pertuset II*, citing the trial court's lack of jurisdiction to rule on the motions while *Pertuset I* was still pending in this Court.  *Quality Car and Truck Leasing v. McDermott Industries. LLC, et al.*, 4th Dist. Scioto No. 12CA3518 (Jan. 10, 2013).

motion, but, instead, filed a motion to dismiss and argued, inter alia, the failure to state a claim upon which relief could be granted, lack of jurisdiction and 'fraud.' After due consideration, the trial court granted appellees' motion for judgment on the pleadings." *Quality Car & Truck Leasing, Inc. v. Carl E. Pertuset, et al.*, supra, at ¶ 2-3.

{¶3} Appellants filed an initial, direct appeal of the trial court's decision. In the first appeal, we construed Appellant's pro se brief to argue that the trial court erred by granting Appellee's motion for judgment on the pleadings. Id. at ¶ 4. We employed a de novo review and determined that the trial court correctly granted Appellees' motion for judgment on the pleadings, issuing our decision on May 3, 2013. Thus, we affirmed the decision of the trial court, without remand.

{¶4} Just three days after this Court's decision was issued, on May 6, 2013, Appellants filed a motion to vacate the judgment on the pleadings granted July 11, 2011. In their motion, Appellants claimed they were deprived of their right to due process when the trial court denied their motion to dismiss and granted Appellees' motion for judgment on the pleadings the same day, without allowing Appellants fourteen days to file an answer. Appellees opposed the motion and the trial court issued a judgment

entry on June 19, 2013, denying the motion. It is from this entry that

Appellants bring their current appeal, setting forth one assignment of error

for our review.

## ASSIGNMENT OF ERROR

"I.    THE TRIAL COURT ERRED IN DENYING APPELLANTS'
       MOTION TO VACATE THE JULY 11, 2011 JUDGMENT ON THE
       PLEADINGS."

## LEGAL ANALYSIS

{¶5} In their sole assignment of error, Appellants contend that the trial

court erred in denying their motion to vacate. Although Appellants' motion

is not titled as such, we construe it as a Civ.R. 60(B) motion for relief from

judgment and address it under that framework. " 'In an appeal from a Civ.R.

60(B) determination, a reviewing court must determine whether the trial

court abused its discretion.' " *Harris v. Anderson*, 109 Ohio St.3d 101,

2006-Ohio-1934, 846 N.E.2d 43, ¶ 7; quoting *State ex rel. Russo v. Deters*,

80 Ohio St.3d 152, 153, 684 N.E.2d 1237 (1997). An abuse of discretion

occurs when a decision is unreasonable, arbitrary, or unconscionable. *State*

*ex rel. Tindira v. Ohio Police & Fire Pension*, 130 Ohio St.3d 62, 2011-

Ohio-4677, 955 N.E.2d 963, ¶ 28.

{¶6} "In order to prevail on a Civ.R. 60(B) motion for relief from

judgment, the movant must establish that '(1) the party has a meritorious

defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.' " *Deters* at 153-154; quoting *GTE Automatic Elec., Inc., v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. "[R]elief is inappropriate if any one of the three requirements is not satisfied." *Deters* at 154; citing *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

{¶7} "[T]o prevail on a motion for relief from judgment, the moving party must establish that it has a meritorious defense or claim to present if relief is granted. This requires the moving party to allege operative facts 'with enough specificity to allow the trial court to decide whether he or she has met that test.' " *Byers v. Dearth*, 4th Dist. No. 09CA3117, 2010-Ohio-1988, ¶ 12; quoting *Syphard v. Vrable*, 141 Ohio App.3d 460, 463, 751 N.E.2d 564 (2001). "Ultimately, 'a proffered defense is meritorious if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint.' " *Spaulding-Buescher v. Skaggs Masonry, Inc.*, 4th Dist. No. 08CA1, 2008-Ohio-6272, ¶ 10; quoting *Amzee*

*Corp. v. Comerica Bank-Midwest*, 10th Dist. No. 01AP-465, 2002-Ohio-3084, ¶ 20.

{¶8} Here, Appellants did not argue their motion to vacate in terms of Civ.R. 60(B). Thus, they made no effort either below or on appeal to demonstrate entitlement to relief under the rule. Rather, they argue that the trial court erred in granting Appellee's motion for judgment on the pleadings the same day it denied Appellants' motion to dismiss, without affording Appellants fourteen days to answer, which they claim they were entitled to under Civ.R. 12(A)(2). Appellants further claim that the trial court's actions deprived them of due process and prevented them from filing an answer. What Appellants did not argue either below or on appeal, is what meritorious defense they would have asserted if they had been permitted to file an answer. Therefore, the defendants have not satisfied the meritorious defense component of Civ.R. 60(B). Accordingly, the trial court did not abuse its discretion by denying their motion to vacate the judgment.

{¶9} The trial court provided no reasoning in support of its decision denying Appellants' motion below. We find, however, in addition to failing to demonstrate the requirements for relief under Civ.R. 60(B), the trial court was justified in reaching its decision on an additional basis, specifically, the doctrines of law of the case and res judicata.

{¶10} The underlying basis of Appellants' motion to vacate is Appellants' argument that the trial court erred in granting judgment on the pleadings in favor of Appellee. Appellants essentially claim that judgment on the pleadings was premature, arguing they should have been entitled to an additional fourteen days to file an answer after the trial court denied their motion to dismiss, and that the trial court erred in immediately granting Appellee's motion upon denying Appellants' motion to dismiss.

{¶11} This argument could have and should have been raised as part of Appellant's first, direct appeal of this matter. The procedural facts of this case and the manner in which the trial court issued its decision were apparent at the time of the first appeal. Any argument related to Appellants not being given time to answer were capable of being raised at that time. Furthermore, this Court was squarely presented the question of whether the trial court erred in granting judgment on the pleadings in the first appeal. After employing a de novo review, and without giving any deference to the decision of the trial court, we affirmed the decision of the trial court, without remand. *Quality Car & Truck Leasing, Inc. v. Carl E. Pertuset, et al.*, supra, at ¶ 9 (*Pertuset I*).

{¶12} In *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984), the Supreme Court of Ohio discussed the doctrine of the law of the case

"* * * the doctrine provides that the decision of a reviewing

court in a case remains the law of that case on the legal

questions involved for all subsequent proceedings in the case at

both the trial and reviewing levels." (internal citations

omitted).

The *Nolan* court further noted that while the rule will not be applied to

achieve unjust results, the application of the rule is necessary "to ensure

consistency of results in a case" as well as "to avoid endless litigation by

settling the issues, and to preserve the structure of superior and inferior

courts as designed by the Ohio Constitution." Id.; citing *Gohman v. St.

Bernard*, 111 Ohio St. 726, 730-731, 146 N.E. 291 (1924) (reversed on other

grounds) and *State, ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32, 391

N.E.2d 343 (1979).

{¶13} We find the reasoning set forth in *Nolan* with respect to the

doctrine of the law of the case to be applicable to the matter presently before

us. Absent a remand from this Court after a decision on the merits, the trial

court lacked jurisdiction to vacate its own orders. In reaching this result, we

rely on the reasoning set forth not only in *Nolan v. Nolan*, supra, but also our

prior reasoning in *State of Ohio, ex rel. Jim Petro v. Marshall*, 4th Dist.

Scioto No. 05CA3004, 2006-Ohio-5357. In that case, the trial court granted

a Civ.R. 60(B) motion to vacate a judgment filed by Adrian Rawlins and then granted Rawlins judicial release from prison, despite the fact that this Court had previously affirmed Rawlins' conviction and sentence on appeal, without a remand. Id. at ¶ 4. As a result of the trial court's actions, the Attorney General filed a complaint for a writ of prohibition, alleging that the trial court lacked jurisdiction to vacate Rawlins' conviction. Id. at ¶ 1. This Court granted the writ, reasoning that "Judge Marshall patently and unambiguously lacked jurisdiction to entertain the motion after this court had expressly ruled on the same issues the motion presented." Id. In reaching our decision, we reasoned as follows:

> "Civ.R. 60(B) clearly gives the trial court jurisdiction to grant relief from a final judgment. However, once a party undertakes an appeal and absent a remand, the trial court is divested of jurisdiction to take any action that is inconsistent with the appellate court's exercise of jurisdiction. *Post v. Post* (1990), 66 Ohio App.3d 765, 769, 586 N.E.2d 185; *State ex rel. Special Prosecutors*, supra, at 97, 378 N.E.2d 162." Id. at ¶ 27.

{¶14} As we discussed in *State, ex rel. Petro v. Marshall*, the *Special Prosecutors* case involved a trial court's subsequent grant of a motion to withdraw a guilty plea when the defendant "lost the appeal of a conviction

based upon the guilty plea." Id. at ¶ 28. We noted that in *Special*

*Prosecutors*, the Supreme Court reasoned that

> "allowing the trial court to consider a Crim.R. 32.1 motion to
>
> withdraw a guilty plea subsequent to an appeal and affirmance
>
> by the appellate court 'would affect the decision of the
>
> reviewing court, which is not within the power of the trial court
>
> to do.' " Id. at ¶ 29; citing *Special Prosecutors* at 97-98.

{¶15} Although both *State, ex rel. Petro v. Marshall* and *Special*

*Prosecutors* both involved underlying criminal matters, we noted in *State, ex*

*rel. Petro v. Marshall* at ¶ 30 that the Supreme Court of Ohio has made a

similar rule concerning Civ.R. 60(B) motions. Specifically, we noted as

follows:

> "* * * absent a remand from the appellate court, 'an appeal
>
> divests trial courts of jurisdiction to consider Civ.R. 60(B)
>
> motions for relief from judgment.' See *Howard v. Catholic*
>
> *Social Servs. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147,
>
> 637 N.E.2d 890, 1994-Ohio-219, 637 N.E.3d 890, citing *State,*
>
> *ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm.* (1992), 63
>
> Ohio St.3d 179, 181, 586 N.E.2d 105. See, also, *Post*, supra, at
>
> 770, 586 N.E.2d 185. Once a case has been appealed, 'the trial

court is divested of jurisdiction except "over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issue like contempt * * *." ' *State ex rel. State Fire Marshall v. Curl*, 87 Ohio St.3d 568, 570, 2000-Ohio-248, [722] N.E.2d 73, quoting *Special Prosecutors* at 97, 378 N.E.2d 162. Where an appellate court has already ruled on an issue in a direct appeal, a trial court's 'reconsideration' of that same issue is inconsistent with the appellate court's exercise of jurisdiction and the doctrine of the law of the case. See, *Hopkins v. Dyer,* 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, at ¶ 15." Id.

{¶16} Further, as noted in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶35, "[t]he law-of-the-case doctrine is rooted in principles of res judicata and issue preclusion * * *." The *Fischer* court noted that prior decisions have held that the law of the case doctrine " ' precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, *or available to be pursued*, in a first appeal.' " Id. at ¶ 34; quoting *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404-405, 659 N.E.2d 781 (1996). Thus, because any issue related to Appellants not being afforded time to file an answer should have been apparent to the

parties and therefore was available to be pursued by the parties in the original, direct appeal, but was not, any argument based thereon was barred at any additional proceedings at the trial court level.

{¶17} Recently, several Ohio courts have been confronted with questions in the area of foreclosure law with respect to when a trial court may vacate a prior judgment that was either not appealed, or was appealed and resulted in an affirmance by the reviewing court. See, *Federal Home Loan Mortgage Corporation v. Schwartzwald, et al,* 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214; *Waterfall Victoria Master Fund Limited v. Yeager, et al.*, 11th Dist. Lake No. 2012-L-071, 2013-Ohio-3206; *Chemical Bank, N.A. v. Krawczyk, et al.*, 8th Dist. Cuyahoga No. 98263, 2013-Ohio-3614. Appellants' brief references at least one of these cases, though not at length. However, we find these cases distinguishable both legally and factually from the situation presently before this Court. As such they are inapplicable.

{¶18} Based upon the foregoing, we cannot conclude that the trial court erred or abused its discretion in denying Appellants' motion to vacate the July 11, 2011, grant of judgment on the pleadings in favor of Appellees, which was previously affirmed on appeal, without remand, by this Court, and which remains the law of the case. Further, as this Court did not remand

the case to the trial court after our affirmance on appeal, and the reasons advanced in support of the motion to vacate did not raise the issue of standing or otherwise invoke the jurisdiction of the trial court, the trial court was divested of jurisdiction to consider Appellants' motion to vacate.

**JUDGMENT AFFIRMED.**

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellants.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**