[Cite as *Farm Credit Servs. of Mid-Am. v. Pertuset*, 2014-Ohio-1289.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

FARM CREDIT SERVICES OF : 
MID-AMERICA PCA, :
 :
    Plaintiff-Appellee, : Case No. 13CA3563
 :
    vs. :
 : <u>DECISION AND JUDGMENT</u>
CARL PERTUSET, et al., : <u>ENTRY</u>
 :
    Defendants-Appellants. : **Released: 03/27/14**
_____
<u>APPEARANCES:</u>

Bruce M. Broyles, The Law Office of Bruce M. Broyles, Boardman, Ohio,
for Appellants.

Jeffrey B. Sams, Pickerington, Ohio, and Joshua D. Howard, Portsmouth,
Ohio, for Appellee, American Savings Bank.[1]
_____

McFarland, J.

{¶1} This is an appeal from a Scioto County Common Pleas Court

summary judgment in favor of American Savings Bank, fsb (American),

defendant/cross-claimant below and Appellee herein, on its claim against

Carl E. Pertuset and Vera M. Pertuset, defendants below and Appellants

herein. On appeal, Appellants contend that the trial court erred in granting

Appellee's renewed motion for summary judgment, which was granted after

---

[1] Farm Credit Services of Mid-America PCA has not filed a brief and is not participating on appeal.

the trial court vacated its original grant of summary judgment, which this Court had previously affirmed on appeal, without a remand. In light of our determination that the trial court lacked jurisdiction to vacate its original summary judgment grant and decree in foreclosure in favor of American, we find that it exceeded its authority in doing so. We must, therefore, reverse the trial court's decision vacating those prior orders as well as trial court's order granting American's renewed motion for summary judgment. As such, we find, in accordance with our prior decision rendered in *Farm Credit Services of Mid America PCA v. Carl E. Pertuset, et al.*, 4th Dist. Scioto No. 11CA3443, 2013-Ohio-567, that the original grant of summary judgment and decree in foreclosure stands valid as the law of the case, as affirmed once already by this Court. Accordingly, the referenced decisions of the trial court are reversed.

FACTS

{¶2} We initially set forth the facts, as already stated in our prior decision regarding this matter.

"On June 5, 2009, Farm Credit Services of Mid-America, PCA commenced the instant action and alleged that appellants were in default of several promissory notes and sought foreclosure of mortgage and security interests given to secure

those notes. American, also named as a defendant because it might also claim an interest in the mortgaged premises, filed an answer and cross-claim and asserted that appellants were in default of a promissory note previously executed in its favor. Furthermore, American claims that appellants gave them a mortgage on their property to secure payment of that note and the mortgage is the first and best lien on the premises.

Despite asking for leave to obtain 'competent counsel' before responding, appellants filed a pro se answer that spans twenty-one pages and is, at best, difficult to understand. The trial court took the answer as a denial of all allegations. The case was stayed for a period of time when appellants filed for bankruptcy, but that case was dismissed the following year.

American requested a summary judgment and argued that no genuine issues of material fact exist and that it was entitled to judgment in its favor as a matter of law. The motion included a supporting affidavit from Jack A. Stephenson, the Vice–President of American, who attested to the authenticity of the note and mortgage (attached as evidentiary exhibits to the motion) that appellants executed and delivered to American on

December 7, 2005. The affiant further attested that appellants owed 'the sum of $160,001.52 as of June 15, 2009, together with interest thereon at the rate of $28.97 per day from June 15, 2009, until paid.'

Appellants filed several memoranda in opposition to that motion. Their first memorandum did not discuss the merits of American's motion, but rather the bankruptcy court proceedings. Their second memoranda appears to allege, inter alia, that American did not possess the promissory note and is not the real party in interest.

The trial court concluded that no genuine issue of material fact exists and that American is entitled to judgment as a matter of law and later filed a judgment of foreclosure. This appeal followed." *Farm Credit Services of Mid America PCA v. Carl E. Pertuset, et al.* at ¶¶ 2-5 (internal footnotes omitted).

{¶3} Appellant's initial appeal of this matter alleged that the trial court had erred in granting summary judgment in favor of American because American failed to conclusively establish they were the proper party in interest and that they failed to establish privity with Appellants. They also argued the trial court erred in granting summary judgment in favor of

American, claiming that American had failed to conclusively establish the amount of their damages. While this matter was initially pending on appeal, the property sold to third party buyers at a sheriff's sale held on November 14, 2012. This Court issued a decision on the merits affirming the trial court's grant of summary judgment and decree in foreclosure on February 5, 2013.

{¶4} Subsequently, on February 28, 2013, American filed a motion to vacate the trial court's February 18, 2011, summary judgment grant as well as its August 9, 2011, decree in foreclosure, based upon its concern regarding a potential procedural issue regarding the filing of the final judicial report being filed after the final judgment entry, rather than before, as required by R.C. 2329.191. Appellant did not oppose this motion, however, the third party buyers entered an appearance through counsel, objecting to the motion to vacate and requesting that the sale be confirmed. The trial court filed a judgment entry on March 4, 2013, vacating its own original grant of summary judgment and decree in foreclosure, after this Court had already affirmed both of the those decisions on direct appeal.

{¶5} After the trial court vacated these decisions, American filed a renewed motion for summary judgment, and Appellants followed with additional discovery requests, motions for extensions of time to conduct

discovery and a motion to compel discovery. Finally, on June 19, 2013, over the objection of Appellants, the trial court once again granted summary judgment and a decree in foreclosure in favor of American. The matter is now before us for a second time, with Appellants once again claiming that the trial court erred in granting summary judgment.

ASSIGNMENT OF ERROR

"I.     THE TRIAL COURT ERRED IN GRANTING SUMMARY
        JUDGMENT."

LEGAL ANALYSIS

{¶6} In their sole assignment of error, and much like in their first appeal of this matter, Appellants contend that the trial court erred in granting summary judgment in favor of American. In raising this assignment of error, Appellants argue that American failed to satisfy the conditions precedent to filing suit by failing to provide them notice of default and notice of acceleration. Appellants also argue that American failed to comply with discovery and as such, the trial court should not have granted summary judgment. However, before we reach the merits of Appellants' argument, we must address a threshold procedural matter.

{¶7} As set forth above, the question of whether the trial court properly granted summary judgment and a decree in foreclosure in favor of American has already been before this Court on direct appeal. Further, as

we have noted, this Court has previously affirmed the trial court's February 28, 2011, grant of summary judgment and August 9, 2011, decree in foreclosure. *Farm Credit Services of Mid America PCA v. Carl E. Pertuset, et al.*, supra. Despite our affirmance on appeal without remand, the trial court, at the request of the parties and over the objection of the third party buyer of the property at issue, vacated its summary judgment grant and decree in foreclosure. Based upon the following, we conclude that the trial court exceeded its authority in doing so and, as such, its actions were contrary to the law of the case, as established in this Court's prior decision regarding this matter.

{¶8} In *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), the Supreme Court of Ohio discussed the doctrine of the law of the case in relation to a trial court's failure to execute a remand mandate given by a reviewing court. Specifically, *Nolan* involved a trial court's complete restructuring of a real estate settlement on remand, rather than limiting its action on remand to making findings regarding the right of occupancy of the marital home, as instructed by the reviewing court. Nolan at 2. In response, the Supreme Court of Ohio held that "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in

the same case." *Nolan* at syllabus (internal citations omitted). In reaching its decision, the *Nolan* court discussed the law of the case doctrine as follows:

> "* * * the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan* at 3 (internal citations omitted).

The *Nolan* court further noted that while the rule will not be applied to achieve unjust results, the application of the rule is necessary "to ensure consistency of results in a case" as well as "to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." Id.; citing *Gohman v. St. Bernard*, 111 Ohio St. 726, 730-731, 146 N.E. 291 (1924) (reversed on other grounds) and *State, ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32, 391 N.E.2d 343 (1979).

{¶9} We find the reasoning set forth in *Nolan* with respect to the doctrine of the law of the case to be applicable to the matter presently before us, where the trial court vacated two orders previously affirmed by this Court on appeal. In fact, we find this doctrine even more compelling

considering the trial court vacated these orders absent a remand from this Court.  Simply put, absent a remand from this Court after a decision on the merits, the trial court lacked jurisdiction to vacate its own orders.

{¶10} In reaching this result, we rely on the reasoning set forth not only in *Nolan v. Nolan*, supra, but also our prior reasoning in *State of Ohio, ex rel. Jim Petro v. Marshall*, 4th Dist. Scioto No. 05CA3004, 2006-Ohio-5357.  In that case, the trial court granted a Civ.R. 60(B) motion to vacate a judgment filed by Adrian Rawlins and then granted Rawlins judicial release from prison, despite the fact that this Court had previously affirmed Rawlins' conviction and sentence on appeal, without a remand.  Id. at ¶ 4.  As a result of the trial court's actions, the Attorney General filed a complaint for a writ of prohibition, alleging that the trial court lacked jurisdiction to vacate Rawlins' conviction.  Id. at ¶ 1.  This Court granted the writ, reasoning that "Judge Marshall patently and unambiguously lacked jurisdiction to entertain the motion after this court had expressly ruled on the same issues the motion presented."  Id.  In reaching our decision, we reasoned as follows:

> "Civ.R. 60(B) clearly gives the trial court jurisdiction to grant
> relief from a final judgment. However, once a party undertakes
> an appeal and absent a remand, the trial court is divested of

jurisdiction to take any action that is inconsistent with the appellate court's exercise of jurisdiction. *Post v. Post* (1990), 66 Ohio App.3d 765, 769, 586 N.E.2d 185; *State ex rel. Special Prosecutors*, supra, at 97, 378 N.E.2d 162." Id. at ¶ 27.

{¶11} As we discussed in *State, ex rel. Petro v. Marshall*, the *Special Prosecutors* case involved a trial court's subsequent grant of a motion to withdraw a guilty plea when the defendant "lost the appeal of a conviction based upon the guilty plea." Id. at ¶ 28. We noted that in *Special Prosecutors*, the Supreme Court reasoned that

"allowing the trial court to consider a Crim.R. 32.1 motion to withdraw a guilty plea subsequent to an appeal and affirmance by the appellate court 'would affect the decision of the reviewing court, which is not within the power of the trial court to do.' " Id. at ¶ 29; citing *Special Prosecutors* at 97-98.

{¶12} Although both *State, ex rel. Petro v. Marshall* and *Special Prosecutors* both involved underlying criminal matters, we noted in *State, ex rel. Petro v. Marshall* at ¶ 30 that the Supreme Court of Ohio has made a similar rule concerning Civ.R. 60(B) motions. Specifically, we noted as follows:

"* * * absent a remand from the appellate court, 'an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment.' See *Howard v. Catholic Social Servs. of Cuyahoga Cty., Inc*., 70 Ohio St.3d 141, 147, 637 N.E.2d 890, 1994-Ohio-219, 637 N.E.3d 890, citing *State, ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm.* (1992), 63 Ohio St.3d 179, 181, 586 N.E.2d 105. See, also, *Post*, supra, at 770, 586 N.E.2d 185. Once a case has been appealed, 'the trial court is divested of jurisdiction except "over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issue like contempt * * *." ' *State ex rel. State Fire Marshall v. Curl*, 87 Ohio St.3d 568, 570, 2000-Ohio-248, [722] N.E.2d 73, quoting *Special Prosecutors* at 97, 378 N.E.2d 162. Where an appellate court has already ruled on an issue in a direct appeal, a trial court's 'reconsideration' of that same issue is inconsistent with the appellate court's exercise of jurisdiction and the doctrine of the law of the case. See, *Hopkins v. Dyer,* 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, at ¶ 15."  Id.

{¶13} Here, Appellants brought an initial direct appeal of the trial court's original grant of summary judgment and decree in foreclosure in favor of American. We affirmed the trial court's original grant of summary judgment and decree in foreclosure without remand. Subsequent to the issuance of our decision, the trial court vacated its own summary judgment and foreclosure decisions, based upon a claim by one of the parties that there was a potential procedural issue related to a late filing of the final judicial report. We note at this juncture that this potential procedural issue should have been apparent to the parties at the time of the original appeal and yet no error was raised related to it.

{¶14} As noted in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶35, "[t]he law-of-the-case doctrine is rooted in principles of res judicata and issue preclusion * * *." Further, the *Fischer* court noted that prior decisions have held that the law of the case doctrine " ' precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, *or available to be pursued*, in a first appeal.' " Id. at ¶ 34; quoting *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404-405, 659 N.E.2d 781 (1996). Thus, because any issue related to the late filing of the final judicial report should have been apparent to the parties and therefore was available to be pursued by the parties in the original, direct

appeal, but was not, any argument based thereon should have been barred, we believe, at any additional proceedings at the trial court level.

{¶15} Recently, several Ohio courts have been confronted with questions in the area of foreclosure law with respect to when a trial court may vacate a prior judgment that was either not appealed, or was appealed and resulted in an affirmance by the reviewing court. These questions seem to stem from the recent holding of the Supreme Court of Ohio in the case of *Federal Home Loan Mortgage Corporation v. Schwartzwald, et al,* 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214. *Schwartzwald* did not involve the grant or denial of a Civ.R. 60(B) motion for relief from judgment. Rather, in *Schwartzwald*, it was argued by the homeowners that the bank lacked standing to sue because it commenced the foreclosure action before it obtained an assignment of the promissory note and mortgage securing the Schwartzwald's loan. Id. at ¶ 2. The trial court granted summary judgment in favor of the bank and the appellate court affirmed. The Supreme Court of Ohio, however, reversed, holding that the bank, under the facts, had no standing to invoke the jurisdiction of the common pleas court. Id. at paragraph one of the syllabus. In reaching its decision, the Court noted that " 'the issue of standing, inasmuch as it is jurisdictional in nature, may be raised at any time during the pendency of the proceedings.' "

Id. at ¶ 22; quoting *New Boston Coke Corp. v. Tyler*, 32 Ohio St.3d 216, 218, 513 N.E.2d 302 (1987).

{¶16} A subsequent case, *Waterfall Victoria Master Fund Limited v. Yeager, et al.*, 11ᵗʰ Dist. Lake No. 2012-L-071, 2013-Ohio-3206, illustrates how the *Schwartzwald* holding has been carried forward. In *Yeager*, a complaint in foreclosure was filed and default judgment was granted in favor of the bank. Id. at ¶ 2-4. Yeager filed a direct appeal, but the appellate court affirmed the judgment in favor of the bank. Id. at ¶ 4. After Yeager's home sold at a sheriff's sale, Yeager filed a Civ.R. 60(B) motion seeking relief from the default judgment. Id. at ¶ 5. In support of the motion, Yeager argued that the bank did not have any interest in the property at the time it foreclosed. Id. The trial court denied the motion for relief from judgment and Yeager appealed again. Id.

{¶17} On appeal, the trial court analyzed the issues raised under a Civ.R. 60(B) framework but then went into a law of the case/res judicata analysis, noting the intervening *Schwartzwald* decision that was released after the briefs had been filed. Id. at ¶ 8-13. The court construed Yeager's arguments on appeal as challenging the banks' standing. Id. at ¶ 16. As such, the court held neither res judicata nor the law of the case doctrine barred consideration of the argument on appeal. Id. Nonetheless, however,

the court overruled Yeager's argument on the merits, holding the bank had established standing to sue at the trial court level. Id. at ¶ 17-19. The court further held that Yeager's additional argument, "inasmuch as [it did not] affect Appellee's standing to bring suit and invoke the jurisdiction of the trial court," was barred by res judicata because it was "an argument that should have been and could have been previously raised." Id. at ¶ 20.

{¶18} Similar but not identical issues were addressed in *Chemical Bank, N.A. v. Krawczyk, et al.*, 8th Dist. Cuyahoga No. 98263, 2013-Ohio-3614. In *Krawczyk*, summary judgment in favor of the bank was granted and Krawczyk did not file an appeal. Id. at ¶ 5. Two months later, Krawczyk filed a Civ.R. 60(B) motion for relief from judgment, arguing the bank lacked standing. Id. at ¶ 6. The motion was denied by the trial court and Krawczyk filed an appeal from the denial of the motion, again arguing the bank lacked standing. Id. at ¶ 9. The appellate court, however, found no merit in Krawczyk's argument, affirming the trial court's decision finding the bank demonstrated standing below, and noting that Krawczyk was attempting to use "a motion for relief from judgment as a substitute for a timely filed appeal." Id. at ¶ 10.

{¶19} Noting Krawczyk had failed to initially appeal, the court noted "a defendant's relief from final judgment is to timely file an appeal." Id. at ¶

17. As the issue of standing was directly litigated in the trial court and Krawczyk failed to appeal that decision, the court held Krawczyk's arguments were barred by res judicata. Id. at ¶ 22. In reaching its decision, the court distinguished the situation from the facts in *Schwartzwald*. Id. at ¶ 23. Specifically, the court commented that, even with respect to the issue of standing, saying the issue of standing can be raised at any time does not equate to "the issue of standing can be raised *many* times." Id. at ¶ 29. Finally, the *Krawczyk* court noted as follows regarding the holding in *Yeager*:

> "The lead opinion in *Yeager* affirms the decision based on a Civ.R. 60(B) analysis, the concurring-in-judgment-only opinion affirms based on res judicata, and the dissent would reverse the trial court's decision and allow the appellants the opportunity to challenge the assignment of the note and/or mortgage."
>
> *Krawczyk* at ¶ 30, FN. 4.

Clearly, *Yeager* was a divided decision. However, the division of the court in that case illustrates the varied bases for the decisions issued in response to these types of issues, and the number of legal grounds that are implicated when a case comes before a court with such a procedural history.

{¶20} Based upon the foregoing, we conclude that the trial court's actions in vacating its prior decisions were inconsistent with this Court's appellate jurisdiction in affirming those decisions previously on appeal. Further, as this Court did not remand the case to the trial court after our affirmance on appeal, and the reasons advanced in support of the motion to vacate did not raise the issue of standing or otherwise invoke the jurisdiction of the trial court, the trial court was divested of jurisdiction to consider the parties' motions to vacate and/or for relief from judgment .[2] As the trial court lacked jurisdiction to vacate its prior orders, it exceeded its jurisdiction in doing so.

{¶21} Accordingly, the decision of the trial court vacating American's original grant of summary judgment and decree in foreclosure, as well the decision granting American's renewed motion for summary judgment is reversed. Further, we find, in accordance with our prior decision rendered in *Farm Credit Services of Mid America PCA v. Carl E. Pertuset, et al.*, 4th Dist. Scioto No. 11CA3443, 2013-Ohio-567, that the original grant of summary judgment and decree in foreclosure stands valid as the law of the case, as affirmed once already by this Court.

**JUDGMENT REVERSED.**

---

[2] Although Appellee's motion below was not expressly titled as a Civ.R. 60(B) motion below, it was for all intents and purposes a Civ.R. 60(B) motion and we treat it as such.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE REVERSED and Appellants recover costs from Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**