[Cite as *Am. Sav. Bank v. Pertuset*, 2013-Ohio-566.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

AMERICAN SAVINGS BANK, fsb,       :
et al.,

                                             :

      Plaintiffs-Appellees,              Case Nos.   11CA3442

                                             :

      vs.

                                             :

CARL PERTUSET, et. al.,          DECISION AND JUDGMENT ENTRY    :

      Defendants-Appellants.
_____

APPEARANCES:

COUNSEL FOR APPELLANTS:    Bruce M. Broyles, The Law Office of Bruce M. Broyles,
                                          5815 Market Street, Suite 2, Boardman, Ohio 44512

COUNSEL FOR APPELLEES:    John E. Bowers, 233 North Court Street,
                                          Circleville, Ohio 43113, Jeffrey B.
                                          Sams, 10400 Blacklick Eastern Road, Ste. 140,
                                          Pickerington, Ohio, 43147, and Joshua D. Howard, 701
                                          Sixth Street, Portsmouth, Ohio 45662

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-5-13
ABELE, J.

{¶ 1}   This is an appeal from a Scioto County Common Pleas Court summary judgment

in favor of American Savings Bank, fsb (American) and ASB Development Corp. (ASB),

plaintiffs below and appellees herein, on their foreclosure claims against Carl E. Pertuset and

Vera M. Pertuset, defendants below and appellants herein.  Appellants' brief does not set forth

assignments of error as App.R. 16(A)(3) requires, however, as appellees did in their brief, we will consider the appellants' proposed "assignments of error" filed with their initial appellate materials:

> FIRST ASSIGNMENT OF ERROR:
>
> "PLAINTIFF/APPELLEE FAILED TO PRODUCE EVIDENCE THAT CONCLUSIVELY ESTABLISHED THAT THEY ARE THE PROPER PARTY IN INTEREST AND FAILED TO ESTABLISH PRIVITY WITH DEFENDANTS/APPELLEES [sic].   AS SUCH, THE TRIAL COURT'S JUDGMENT WAS VOID AB INITIO."
>
> SECOND ASSIGNMENT OF ERROR:
>
> "PLAINTIFF/APPELLEE FAILED TO CONCLUSIVELY ESTABLISH THE AMOUNT OF THEIR DAMAGES."

{¶ 2}   Between 2000 and 2008, appellants executed and delivered three promissory notes to American and one promissory note to ASB.   Appellants also executed mortgages on properties to secure the notes.   Appellees commenced the instant action on May 20, 2010 and alleged appellants were in default on the notes and sought, inter alia, foreclosure of their mortgage interests.   Appellants answered, but their answer did not address the merits of the claims.   Rather, they requested a dismissal of the case because the United States Bankruptcy Court had discharged their debts.   Later, the parties learned that the bankruptcy proceedings had been dismissed, so the matter proceeded accordingly.

{¶ 3}   Appellees eventually requested summary judgment and argued that no genuine issues of material fact existed and they were entitled to judgment as a matter of law.   Appellees supported their motion with an affidavit from Jack Stephenson, Vice President of American and

an employee of ASB, who attested (1) to the amounts due and owing on the notes, (2) that the instruments attached to the complaint as exhibits are true and accurate copies, and (3) that his employers still hold the notes. Appellants filed a "response" and "notice of non acceptance and notice of non consent" and raised a number of defenses.

{¶ 4}   Subsequently, the trial court granted the motion and directed the appellees to submit an entry to the court. After the court filed a judgment of foreclosure, this appeal followed.

I

{¶ 5}   Our analysis begins with the premise that appellate courts review summary judgments de novo. *Sutton Funding, L.L.C. v. Herres*, 188 Ohio App.3d 686, 2010-Ohio-3645, 936 N.E.2d 574, at ¶59; *Broadnax v. Greene Credit Service*, 118 Ohio App.3d 881, 887, 694 N.E.2d 167 ( 2nd Dist. 1997). In other words, appellate courts afford no deference to a trial court decision, *Sampson v. Cuyahoga Metro. Hous. Auth.*, 188 Ohio App.3d 250, 935 N.E.2d 98, 2010-Ohio-3415, at ¶19; *Kalan v. Fox*, 187 Ohio App.3d 687, 933 N.E.2d 337, 2010-Ohio-2951, at ¶13, and will conduct its own, independent review to determine whether summary judgment is appropriate. *Woods v. Dutta*, 119 Ohio App.3d 228, 233-234, 695 N.E.2d 18 (4th Dist. 1997); *McGee v. Goodyear Atomic Corp.*, 103 Ohio App.3d 236, 241, 659 N.E.2d 317 (4th Dist. 1995).

{¶ 6}   Summary judgment under Civ. R. 56(C) is appropriate when a movant demonstrates that (1) no genuine issues of material fact exist, (2) he is entitled to judgment as a matter of law and (3) after the evidence is construed most strongly in favor of the non-movant, reasonable minds can come to one conclusion, and that conclusion is adverse to the non-moving party. See *Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250, 2010-Ohio-1027, 927

N.E.2d 1066, at ¶103; *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696

N.E.2d 201 (1998).   The moving party bears the initial burden to show no genuine issue of

material facts exist and that it is entitled to judgment as a matter of law. *Vahila v. Hall*, 77 Ohio

St.3d 421, 429, 674 N.E.2d 1164 (1997); *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d

264 (1996).   If that burden is satisfied, the onus shifts to the non-moving party to provide

rebuttal evidentiary materials. See *Trout v. Parker*, 72 Ohio App.3d 720, 723, 595 N.E.2d 1015

(4th Dist. 1991); *Campco Distributors, Inc. v. Fries*, 42 Ohio App.3d 200, 201, 537 N.E.2d 661

(2nd Dist. 1987).   With these principles in mind, we turn our attention to the instant case.

**{¶ 7}**   Here, the Stephenson affidavit established that (1) the copies of the notes and

mortgages attached to the complaint are true and accurate copies of the originals, (2) the notes

had not been paid in accordance with their terms, and (3) American and ASB had the right to

have their mortgages interests foreclosed and chose to exercise those rights.   The burden then

shifted to the appellants to submit rebuttal evidentiary materials.   Our, our review of the

"response" and "notice of non acceptance and notice of non consent" reveals, however, that

appellants failed to satisfy their burden.   The closest attempt seems to be an argument that

appellees "never extended credit in any form" to them, but appellants did not support that

allegation with any Civ.R. 56(C) evidentiary materials.   To the contrary, their argument appears

to have been based on their (mis)interpretation of a thirty page "Federal Reserve publication

entitled '<u>Modern Money Mechanics</u>'" that they attached to their response. (Emphasis in original.)

 Even assuming, arguendo, that this "publication" had any evidentiary merit, the proper method

to introduce the exhibit would have been through a properly executed affidavit that incorporated

the publications. See generally *Watershed Mgt., L.L.C. v. Neff*, 4th Dist. No. 10CA42,

2012-Ohio-1020, at ¶38; *Timberlake v. Sayre*, 4th Dist. No. 09CA3269, 2009-Ohio-6005, at ¶14, fn. 2. Appellants failed to do so and, thus, failed to properly rebut appellants' evidentiary materials. Accordingly, the trial court correctly entered summary judgment in appellees' favor.

II

{¶ 8} Appellants assert in their first proposed assignment of error that American and ASB did not establish privity of contract with them, or that they are the proper parties in interest to bring this action. However, the copies of the instruments belie these arguments. Furthermore, Stephenson attested in his affidavit that those instruments are true copies of the originals that are in the appellee's possession. Thus, American and ASB established both privity of contract with appellants and that they are the correct parties in interest. Moreover, appellants adduced no Civ.R. 56(C) evidentiary materials to show that American or ASB had ever transferred the notes and mortgages.

{¶ 9} For these reasons, we find no merit in appellant's first proposed assignment of error and it is hereby overruled.

III

{¶ 10} In their second proposed assignment of error, appellants assert that American and ASB failed to establish the amount of damages due and owing. We disagree with appellant.

{¶ 11} The Stephenson affidavit attested that appellants owed the following amounts:

1. On claim one, they owed American "the sum of $55,394.46" as of April 20, 2010, together with interest thereon at the rate of $9.27 per day from April 20, 2012.

2. On claim three, they owed American "the sum of $40,013.10" as of April 20, 2010, together with interest thereon at the rate of $7.39 per day from April 20, 2010.

3.     On claim five, they (together with McDermott Industries, LLC.) owed ASB "the sum of $81,474.35" as of April 20, 2010, together with interest thereon at the rate of $11.45 per day from April 20, 2010.

4.     On claim seven, they owed to American "the sum of $11,359.28" as of April 20, 2010, together with interest thereon at the rate of $1.81 per day from April 20, 2010.

{¶ 2}     Appellants offered no Civ.R. 56(C) evidentiary materials to counter that attestation.   Indeed, as noted above, appellants' only argument concerning damages appears to have been that they had not been extended any credit at all. Once again however, appellants provided no Civ.R. 56(C) evidentiary materials to support that argument.   Thus, we find no merit in the second assignment of error and it is hereby overruled.

{¶ 3}     Appellants also argue that foreclosure of the mortgages violates the "Making Home Affordable Program," as well as various U.S. Treasury Regulations and directives.   It appears, however, that appellants did not raise this issue during the trial court proceedings and failed to submit any such Civ.R. 56 evidentiary materials.   We will not consider issues raised for the first time on appeal. *Ratliff v. Darby*, 4th Dist. No. 02CA2832, 2002-Ohio-6626, at ¶18. Appellants argue that they introduced such material in response to appellees' summary judgment motion, but, as noted above, the only exhibit attached to their response is a publication entitled "Modern Money Mechanics."

{¶ 1}     Appellants also claim that appellees violated various other federal laws (such as the Truth in Lending Act and the "Housing and Economic Recovery Act of 2008") but, as

appellees argue in their brief, it does not appear that appellants raised these issues in the trial court.   Furthermore, even if the issues had been raised, we do not see their relevance.

{¶ 2}   In summary, having considered the proposed assignments of error that appellants raised in their initial appellate filings, as well as the arguments contained in their brief, and having found no merit in their argument, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and that appellees recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Kline, J.: Concur in Judgment & Opinion

                        For the Court

                        BY:_____

                  Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.