[Cite as *Am. Savs. Bank v. Pertuset*, 2014-Ohio-1290.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| AMERICAN SAVINGS BANK, FSB, et al., | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 13CA3564 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| CARL PERTUSET, et al., | : | ENTRY |
| | : | |
| Defendants-Appellants. | : | **Released: 03/27/14** |

_____
APPEARANCES:

Bruce M. Broyles, The Law Office of Bruce M. Broyles, Boardman, Ohio, for Appellants.

Jeffrey B. Sams, Pickerington, Ohio, and Joshua D. Howard, Portsmouth, Ohio, for Appellee, American Savings Bank.[1]
_____

McFarland, J.

{¶1} This is an appeal from a Scioto County Common Pleas Court summary judgment in favor of American Savings Bank, fsb (American) and ASB Development Corp. (ASB), collectively referred to as "American," plaintiffs below and Appellees herein, on their foreclosure claims against Carl E. Pertuset and Vera M. Pertuset, defendants below and appellants herein. On appeal, Appellants contend that the trial court erred in granting

---

[1] Farm Credit Services of Mid-America PCA has not filed a brief and is not participating on appeal.

Appellees' renewed motion for summary judgment, which was granted after

the trial court vacated its original grant of summary judgment, which this

Court had previously affirmed on appeal, without a remand.

{¶2} In light of our determination that the trial court lacked

jurisdiction to vacate its original summary judgment grant and decree in

foreclosure in favor of American, we find that it exceeded its authority in

doing so. We must, therefore, reverse the trial court's decision vacating

those prior orders as well as trial court's order granting American's renewed

motion for summary judgment. As such, we find, in accordance with our

prior decision rendered in *American Savings Bank, fsb, et al. v. Carl E.*

*Pertuset, et al.*, 4th Dist. Scioto No. 11CA3442, 2013-Ohio-566, that the

original grant of summary judgment and decree in foreclosure stands valid

as the law of the case, as affirmed once already by this Court. Accordingly,

the referenced decisions of the trial court are reversed.

FACTS

{¶3} We initially set forth the facts, as already stated in or prior

decision regarding this matter.

"Between 2000 and 2008, appellants executed and

delivered three promissory notes to American and one

promissory note to ASB. Appellants also executed mortgages

on properties to secure the notes. Appellees commenced the instant action on May 20, 2010 and alleged appellants were in default on the notes and sought, inter alia, foreclosure of their mortgage interests. Appellants answered, but their answer did not address the merits of the claims. Rather, they requested a dismissal of the case because the United States Bankruptcy Court had discharged their debts. Later, the parties learned that the bankruptcy proceedings had been dismissed, so the matter proceeded accordingly.

Appellees eventually requested summary judgment and argued that no genuine issues of material fact existed and they were entitled to judgment as a matter of law. Appellees supported their motion with an affidavit from Jack Stephenson, Vice President of American and an employee of ASB, who attested (1) to the amounts due and owing on the notes, (2) that the instruments attached to the complaint as exhibits are true and accurate copies, and (3) that his employers still hold the notes. Appellants filed a 'response' and 'notice of non acceptance and notice of non consent' and raised a number of defenses.

Subsequently, the trial court granted the motion and directed the appellees to submit an entry to the court. * * *" *American Savings Bank, fsb, et al. v. Carl E. Pertuset, et al., ¶* 2-4.

{¶4} After the court filed a decree of foreclosure on August 9, 2011, an initial direct appeal followed. Appellant's initial appeal of this matter alleged that the trial court had erred in granting summary judgment in favor of American because American failed to conclusively establish they were the proper party in interest and that they failed to establish privity with Appellants. They also argued the trial court erred in granting summary judgment in favor of American, claiming that American had failed to conclusively establish the amount of their damages. While this matter was initially pending on appeal, the property sold to third party buyers at a sheriff's sale held on November 14, 2012. This Court issued a decision on the merits affirming the trial court's grant of summary judgment and decree in foreclosure on February 5, 2013.

{¶5} Subsequently, on February 28, 2013, American filed a motion to vacate the trial court's January 10, 2011, summary judgment grant as well as its August 9, 2011, decree in foreclosure, based upon its concern regarding a potential procedural issue regarding the filing of the final judicial report

being filed after the final judgment entry, rather than before, as required by

R.C. 2329.191. Appellants joined in this motion, but for different reasons,

claiming that the trial court lacked subject matter jurisdiction. The trial

court denied Appellants' motion, but filed a judgment entry on March 4,

2013, granting American's motion and vacating its own original grant of

summary judgment and decree in foreclosure, after this Court had already

affirmed both of the those decisions on direct appeal.

{¶6} After the trial court vacated these decisions, American filed a

renewed motion for summary judgment, and Appellants followed with

additional discovery requests, motions for extensions of time to conduct

discovery and a motion to compel discovery. Finally, on June 19, 2013,

over the objection of Appellants, the trial court once again granted summary

judgment in favor of American.[2] The matter is now before us for a second

time, with Appellants once again claiming that the trial court erred in

granting summary judgment.

ASSIGNMENT OF ERROR

"I.     THE TRIAL COURT ERRED IN GRANTING SUMMARY
        JUDGMENT."

---

[2] The trial court's June 19, 2013, grant of summary judgment was not a final, appealable order as it did not also order foreclosure of the properties at issue. However, in light of our determination that the trial court lacked jurisdiction to issue this order to begin with, we find this issue to be inconsequential.

LEGAL ANALYSIS

{¶7} In their sole assignment of error, and much like in their first appeal of this matter, Appellants contend that the trial court erred in granting summary judgment in favor of American. In raising this assignment of error, Appellants argue that American failed to satisfy the conditions precedent to filing suit by failing to provide them notice of default and notice of acceleration. Appellants also argue that American failed to comply with discovery and as such, the trial court should not have granted summary judgment. However, before we reach the merits of Appellants' argument, we must address a threshold procedural matter.

{¶8} As set forth above, the question of whether the trial court properly granted summary judgment and a decree in foreclosure in favor of American has already been before this Court on direct appeal. Further, as we have noted, this Court has previously affirmed the trial court's January 10, 2011, grant of summary judgment and August 9, 2011, decree in foreclosure. *American Savings Bank, fsb, et al. v. Carl E. Pertuset, et al.*, supra. Despite our affirmance on appeal without remand, the trial court, at the request of the parties, vacated its summary judgment grant and decree in foreclosure. Based upon the following, we conclude that the trial court exceeded its authority in doing so and, as such, its actions were contrary to

the law of the case, as established in this Court's prior decision regarding this matter.

{¶9} In *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), the Supreme Court of Ohio discussed the doctrine of the law of the case in relation to a trial court's failure to execute a remand mandate given by a reviewing court. Specifically, *Nolan* involved a trial court's complete restructuring of a real estate settlement on remand, rather than limiting its action on remand to making findings regarding the right of occupancy of the marital home, as instructed by the reviewing court. *Nolan* at 2. In response, the Supreme Court of Ohio held that "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan* at syllabus (internal citations omitted). In reaching its decision, the *Nolan* court discussed the law of the case doctrine as follows:

> "* * * the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan* at 3 (internal citations omitted).

The *Nolan* court further noted that while the rule will not be applied to achieve unjust results, the application of the rule is necessary "to ensure consistency of results in a case" as well as "to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution."  Id.; citing *Gohman v. St. Bernard*, 111 Ohio St. 726, 730-731, 146 N.E. 291 (1924) (reversed on other grounds) and *State, ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32, 391 N.E.2d 343 (1979).

{¶10} We find the reasoning set forth in *Nolan* with respect to the doctrine of the law of the case to be applicable to the matter presently before us, where the trial court vacated two orders previously affirmed by this Court on appeal.  In fact, we find this doctrine even more compelling considering the trial court vacated these orders absent a remand from this Court.  Simply put, absent a remand from this Court after a decision on the merits, the trial court lacked jurisdiction to vacate its own orders.

{¶11} In reaching this result, we rely on the reasoning set forth not only in *Nolan v. Nolan*, supra, but also our prior reasoning in *State of Ohio, ex rel. Jim Petro v. Marshall*, 4th Dist. Scioto No. 05CA3004, 2006-Ohio-5357.  In that case, the trial court granted a Civ.R. 60(B) motion to vacate a judgment filed by Adrian Rawlins and then granted Rawlins judicial release

from prison, despite the fact that this Court had previously affirmed Rawlins' conviction and sentence on appeal, without a remand. Id. at ¶ 4. As a result of the trial court's actions, the Attorney General filed a complaint for a writ of prohibition, alleging that the trial court lacked jurisdiction to vacate Rawlins' conviction. Id. at ¶ 1. This Court granted the writ, reasoning that "Judge Marshall patently and unambiguously lacked jurisdiction to entertain the motion after this court had expressly ruled on the same issues the motion presented." Id. In reaching our decision, we reasoned as follows:

> "Civ.R. 60(B) clearly gives the trial court jurisdiction to grant relief from a final judgment. However, once a party undertakes an appeal and absent a remand, the trial court is divested of jurisdiction to take any action that is inconsistent with the appellate court's exercise of jurisdiction. *Post v. Post* (1990), 66 Ohio App.3d 765, 769, 586 N.E.2d 185; *State ex rel. Special Prosecutors*, supra, at 97, 378 N.E.2d 162." Id. at ¶ 27.

**{¶12}** As we discussed in *State, ex rel. Petro v. Marshall*, the *Special Prosecutors* case involved a trial court's subsequent grant of a motion to withdraw a guilty plea when the defendant "lost the appeal of a conviction

based upon the guilty plea." Id. at ¶ 28. We noted that in *Special Prosecutors*, the Supreme Court reasoned that

> "allowing the trial court to consider a Crim.R. 32.1 motion to
> withdraw a guilty plea subsequent to an appeal and affirmance
> by the appellate court 'would affect the decision of the
> reviewing court, which is not within the power of the trial court
> to do.' " Id. at ¶ 29; citing *Special Prosecutors* at 97-98.

**{¶13}** Although both *State, ex rel. Petro v. Marshall* and *Special Prosecutors* both involved underlying criminal matters, we noted in *State, ex rel. Petro v. Marshall* at ¶ 30 that the Supreme Court of Ohio has made a similar rule concerning Civ.R. 60(B) motions. Specifically, we noted as follows:

> "* * * absent a remand from the appellate court, 'an appeal
> divests trial courts of jurisdiction to consider Civ.R. 60(B)
> motions for relief from judgment.' See *Howard v. Catholic
> Social Servs. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147,
> 637 N.E.2d 890, 1994-Ohio-219, 637 N.E.3d 890, citing *State,
> ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm.* (1992), 63
> Ohio St.3d 179, 181, 586 N.E.2d 105. See, also, *Post*, supra, at
> 770, 586 N.E.2d 185. Once a case has been appealed, 'the trial

court is divested of jurisdiction except "over issues not
inconsistent with that of the appellate court to review, affirm,
modify or reverse the appealed judgment, such as the collateral
issue like contempt * * *." ' *State ex rel. State Fire Marshall v.
Curl*, 87 Ohio St.3d 568, 570, 2000-Ohio-248, [722] N.E.2d 73,
quoting *Special Prosecutors* at 97, 378 N.E.2d 162. Where an
appellate court has already ruled on an issue in a direct appeal,
a trial court's 'reconsideration' of that same issue is inconsistent
with the appellate court's exercise of jurisdiction and the
doctrine of the law of the case. See, *Hopkins v. Dyer,* 104 Ohio
St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, at ¶ 15." Id.

**{¶14}** Here, Appellants brought an initial direct appeal of the trial
court's original grant of summary judgment and decree in foreclosure in
favor of American. We affirmed the trial court's original grant of summary
judgment and decree in foreclosure without remand. Subsequent to the
issuance of our decision, the trial court vacated its own summary judgment
and foreclosure decisions, based upon a claim by one of the parties that there
was a potential procedural issue related to a late filing of the final judicial
report. We note at this juncture that this potential procedural issue should

have been apparent to the parties at the time of the original appeal and yet no error was raised related to it.

{¶15} As noted in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶35, "[t]he law-of-the-case doctrine is rooted in principles of res judicata and issue preclusion * * *." Further, the *Fischer* court noted that prior decisions have held that the law of the case doctrine " ' precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, *or available to be pursued*, in a first appeal.' " Id. at ¶ 34; quoting *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404-405, 659 N.E.2d 781 (1996). Thus, because any issue related to the late filing of the final judicial report should have been apparent to the parties and therefore was available to be pursued by the parties in the original, direct appeal, but was not, any argument based thereon should have been barred, we believe, at any additional proceedings at the trial court level.

{¶16} Recently, several Ohio courts have been confronted with questions in the area of foreclosure law with respect to when a trial court may vacate a prior judgment that was either not appealed, or was appealed and resulted in an affirmance by the reviewing court. These questions seem to stem from the recent holding of the Supreme Court of Ohio in the case of *Federal Home Loan Mortgage Corporation v. Schwartzwald, et al,* 134

Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214. *Schwartzwald* did not involve the grant or denial of a Civ.R. 60(B) motion for relief from judgment. Rather, in *Schwartzwald*, it was argued by the homeowners that the bank lacked standing to sue because it commenced the foreclosure action before it obtained an assignment of the promissory note and mortgage securing the Schwartzwald's loan. Id. at ¶ 2. The trial court granted summary judgment in favor of the bank and the appellate court affirmed. The Supreme Court of Ohio, however, reversed, holding that the bank, under the facts, had no standing to invoke the jurisdiction of the common pleas court. Id. at paragraph one of the syllabus. In reaching its decision, the Court noted that " 'the issue of standing, inasmuch as it is jurisdictional in nature, may be raised at any time during the pendency of the proceedings.' " Id. at ¶ 22; quoting *New Boston Coke Corp. v. Tyler*, 32 Ohio St.3d 216, 218, 513 N.E.2d 302 (1987).

{¶17} A subsequent case, *Waterfall Victoria Master Fund Limited v. Yeager, et al.*, 11th Dist. Lake No. 2012-L-071, 2013-Ohio-3206, illustrates how the *Schwartzwald* holding has been carried forward. In *Yeager*, a complaint in foreclosure was filed and default judgment was granted in favor of the bank. Id. at ¶ 2-4. Yeager filed a direct appeal, but the appellate court affirmed the judgment in favor of the bank. Id. at ¶ 4. After Yeager's home

sold at a sheriff's sale, Yeager filed a Civ.R. 60(B) motion seeking relief from the default judgment. Id. at ¶ 5. In support of the motion, Yeager argued that the bank did not have any interest in the property at the time it foreclosed. Id. The trial court denied the motion for relief from judgment and Yeager appealed again. Id.

{¶18} On appeal, the trial court analyzed the issues raised under a Civ.R. 60(B) framework but then went into a law of the case/res judicata analysis, noting the intervening *Schwartzwald* decision that was released after the briefs had been filed. Id. at ¶ 8-13. The court construed Yeager's arguments on appeal as challenging the banks' standing. Id. at ¶ 16. As such, the court held neither res judicata nor the law of the case doctrine barred consideration of the argument on appeal. Id. Nonetheless, however, the court overruled Yeager's argument on the merits, holding the bank had established standing to sue at the trial court level. Id. at ¶ 17-19. The court further held that Yeager's additional argument, "inasmuch as [it did not] affect Appellee's standing to bring suit and invoke the jurisdiction of the trial court," was barred by res judicata because it was "an argument that should have been and could have been previously raised." Id. at ¶ 20.

{¶19} Similar but not identical issues were addressed in *Chemical Bank, N.A. v. Krawczyk, et al.*, 8th Dist. Cuyahoga No. 98263, 2013-Ohio-

3614.  In *Krawczyk*, summary judgment in favor of the bank was granted and Krawczyk did not file an appeal.  Id. at ¶ 5.  Two months later, Krawczyk filed a Civ.R. 60(B) motion for relief from judgment, arguing the bank lacked standing.  Id. at ¶ 6.  The motion was denied by the trial court and Krawczyk filed an appeal from the denial of the motion, again arguing the bank lacked standing.  Id. at ¶ 9.  The appellate court, however, found no merit in Krawczyk's argument, affirming the trial court's decision finding the bank demonstrated standing below, and noting that Krawczyk was attempting to use "a motion for relief from judgment as a substitute for a timely filed appeal."  Id. at ¶ 10.

{¶20} Noting Krawczyk had failed to initially appeal, the court noted "a defendant's relief from final judgment is to timely file an appeal."  Id. at ¶ 17.  As the issue of standing was directly litigated in the trial court and Krawczyk failed to appeal that decision, the court held Krawczyk's arguments were barred by res judicata.  Id. at ¶ 22.  In reaching its decision, the court distinguished the situation from the facts in *Schwartzwald*.  Id. at ¶ 23.  Specifically, the court commented that, even with respect to the issue of standing, saying the issue of standing can be raised at any time does not equate to "the issue of standing can be raised *many* times."  Id. at ¶ 29.

Finally, the *Krawczyk* court noted as follows regarding the holding in

*Yeager*:

> "The lead opinion in *Yeager* affirms the decision based on a
>
> Civ.R. 60(B) analysis, the concurring-in-judgment-only opinion
>
> affirms based on res judicata, and the dissent would reverse the
>
> trial court's decision and allow the appellants the opportunity to
>
> challenge the assignment of the note and/or mortgage."
>
> *Krawczyk* at ¶ 30, FN. 4.

Clearly, *Yeager* was a divided decision.  However, the division of the court

in that case illustrates the varied bases for the decisions issued in response to

these types of issues, and the number of legal grounds that are implicated

when a case comes before a court with such a procedural history.

{¶21} Based upon the foregoing, we conclude that the trial court's

actions in vacating its prior decisions were inconsistent with this Court's

appellate jurisdiction in affirming those decisions previously on appeal.

Further, as this Court did not remand the case to the trial court after our

affirmance on appeal, and the reasons advanced in support of the motion to

vacate did not raise the issue of standing or otherwise invoke the jurisdiction

of the trial court, the trial court was divested of jurisdiction to consider the

parties' motions to vacate and/or for relief from judgment.[3]  As the trial court lacked jurisdiction to vacate its prior orders, it exceeded its jurisdiction in doing so.

{¶22} Accordingly, the decision of the trial court vacating American's original grant of summary judgment and decree in foreclosure, as well the decision granting American's renewed motion for summary judgment is reversed.  Further, we find, in accordance with our prior decision rendered in *American Savings Bank, fsb, et al. v. Carl E. Pertuset, et al.*, 4th Dist. Scioto No. 11CA3442, 2013-Ohio-566, that the original grant of summary judgment and decree in foreclosure stands valid as the law of the case, as affirmed once already by this Court.

**JUDGMENT REVERSED.**

---

[3] Although Appellee's motion below was not expressly titled as a Civ.R. 60(B) motion below, it was for all intents and purposes a Civ.R. 60(B) motion and we treat it as such.

## **<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT BE REVERSED and Appellants recover costs from Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court,

BY:   _____
Matthew W. McFarland, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**