[Cite as *Pertuset v. Hull*, 2020-Ohio-6942.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| CARL PERTUSET, ET AL., | : | |
| | : | |
| Plaintiffs-Appellants, | : | Case No. 18CA3852 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| BRANDON HULL, ET AL., | : | ENTRY |
| | : | |
| Defendants-Appellees | : | |
| | : | |

_____

APPEARANCES:

Tyler E. Cantrell, Office of Young & Caldwell, LLC, West Union, Ohio, for Appellants.

Stephen C. Rodeheffer, Office of Stephen C. Rodeheffer, Portsmouth, Ohio, for Appellees.

_____

Smith, P.J.

{¶1} On September 20, 2018, the trial court granted judgment in favor of Brandon and Jeana Hull, defendants/appellees, against Carl and Vera Pertuset, plaintiffs/appellants, and various additional plaintiffs/appellants, on all counts of plaintiffs/appellants' amended complaint for conversion, replevin, and associated damages. Upon review of the record, we find we do not have jurisdiction to consider the merits of this appeal as the September

20, 2018 Decision &Order is not a final appealable order.  Accordingly, the appeal is hereby dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} Carl and Vera Pertuset ("Appellants") once owned a large family farm in the northwest area of Scioto County.  The property, designated parcel number 23-0528 on the Scioto County Auditor's records, consists of a 181.458-acre tract of land.  During Appellants' ownership of the farm, they entered into a mortgage loan agreement with American Savings Bank ("American"), and unfortunately later defaulted on their mortgage payments. In 2009, a complaint in foreclosure, Scioto County Common Pleas Court Case No. 09CIE140, was commenced by Farm Credit of America, PCA ("Farm Credit") against Appellants and various named defendants including American.  American filed a timely answer and also asserted a cross-claim in foreclosure against Appellants.  Over the course of nearly ten years, Appellants have vigorously challenged the foreclosure and associated proceedings.  *See Am. Savs.  Bank v. Pertuset,* 4th Dist. Scioto No. 11CA3442, 2013-Ohio-566, ("*Pertuset I*"); *Am. Savs. Bank v. Pertuset,* 4th Dist. Scioto No. 13CA3564, 2014-Ohio-1290 ("*Pertuset II*"); and *Scioto Cty. Bd. Of Commrs./Revolving Loan Fund Bd. v. McDermott Industries, L.L.C.*, 4th Dist. Scioto No. 12CA3504, 2014-Ohio-240.  In *Pertuset II,* this

Court found that the original 2011 grant of summary judgment and decree in foreclosure to American as holding the first lien on the real property, "stands valid as the law of the case, as affirmed once by this Court." *Id*. at ¶ 22.

{¶3} Appellants' current appeal relates to the sale of Appellants' farm to Brandon and Jeanna Hull ("Appellees") at the Scioto County Sheriff's sale on November 14, 2012. On September 8, 2014, the trial court filed a judgment entry confirming the sale. On October 27, 2014, the trial court filed another judgment entry ordering deed and distribution to Appellees. In November 2014, Appellees filed a writ of possession. On January 15, 2015, the Sheriff executed the writ and Appellants' were forcibly removed from the farm.

{¶4} The instant action, Scioto County Common Pleas Court Case Number 2015CIH163, was commenced nearly ten months later, on October 26, 2015, by the filing of Appellants' complaint for conversion, compensatory and punitive damages, against Appellees. Appellants also joined with additional plaintiffs: Jake Pertuset; Donald Osborne; Steve Armstrong; and Rob Parsley. John and Jane Doe, Unknown Occupants, and Farm Credit were also named as defendants.

{¶5} Appellants Carl and Vera Pertuset alleged ownership of personal property, family heirlooms, and livestock which remained at the farm on

January 15, 2015, after Mr. and Mrs. Pertuset were forcibly removed. Additionally, Donald Osborne alleged he kept several horses on the Pertuset farm. Jake Pertuset alleged he kept livestock, stored corn and hay, and kept numerous pieces of farming equipment and a Frick circle sawmill at the farm. Rob Parsley alleged he kept cattle, hogs, chickens, and an all-terrain vehicle at the farm. Steve Armstrong alleged he kept several cows at the farm.

{¶6} The complaint further alleged that after Appellants were removed on January 15, 2015, Appellees allegedly caused the Appellants' personal property and livestock to be removed and/or destroyed. Farm Credit took possession of the Frick sawmill. Appellants alleged injury and damage as a result of Appellees' wrongful conduct. Appellants demanded judgment in their favor on the basis of wrongful conversion, compensatory and punitive damages, costs and attorney fees.

{¶7} Appellees filed a timely answer and counterclaim against Appellants. On December 14, 2015, Appellees filed a Motion to Deposit Money into Court Registry. In the motion, Appellees informed that at the time they took possession of the property livestock remained on the premises. Appellees were unfamiliar with and unequipped to care for the livestock. Therefore, Appellees sold the livestock at auction and were in

possession of the sum of $19,723.51 in proceeds. Appellees requested permission to deposit the proceeds from the sale of the livestock with the court. In the motion, Appellees also expressed their willingness to deliver the proceeds "to whatever party may be entitled to the same." The trial court subsequently granted Appellees' motion.

{¶8} Farm Credit filed a timely answer and counterclaim against Jake Pertuset. Written discovery ensued. The matter was eventually scheduled for jury trial, continued, and rescheduled several times. On June 3, 2016, Appellants filed an amended complaint asserting an additional claim for replevin. Farm Credit again filed a timely answer and counterclaim. Appellees, however, filed a motion to strike and request for hearing. Appellees argued that Appellants' amended complaint was not properly before the court and was required to be stricken from the record pursuant to Civ.R. 12(F). Appellees pointed out that they had filed their responsive pleading to the original complaint and argued that Appellants failed to follow the proper procedure by failing to seek leave of court pursuant to Civ.R. 15(A) before filing the amended complaint.

{¶9} Appellants filed a memorandum in opposition to the motion to strike the amended complaint. Appellants asserted that during a May 5, 2016 hearing in chambers their attorney requested leave to file the amended

complaint to assert the cause of action for replevin and that the trial court had granted the oral motion for leave.  Appellants requested the trial court deny the motion to strike.  Appellants further requested that the trial court note for the record that the oral motion for leave to amend the complaint had been granted on May 5, 2016.  The trial court neither ruled on the motion to strike nor filed the requested entry clarifying the matter.

{¶10} In August 2016, Farm Credit filed a motion for summary judgment.  Generally, Farm Credit moved the court to dismiss Appellants' amended complaint as to Farm Credit because Farm Credit was the legal owner of the Frick sawmill as adjudicated in the foreclosure case.  As such, Farm Credit concluded that Jake Pertuset's claims were barred by the doctrine of res judicata.

{¶11} Also in August 2016, Appellants' counsel, Attorney Bruce Broyles, filed a motion for leave to withdraw as counsel for Appellants.  In September 2016, the trial court granted Attorney Broyles' motion.  Appellants obtained new trial counsel, Attorney Cantrell, in November 2016.  The matter proceeded with written discovery and depositions.  A jury trial was scheduled for July 23, 2018.

{¶12} In May 2017, Appellees' counsel was permitted to withdraw and Attorney Rodeheffer undertook representation of Appellees.

Attorney Rodeheffer deposed all Appellants.  Carl and Vera Pertuset's depositions were quite lengthy.  Generally, Mr. and Mrs. Pertuset testified as to their acquisition of the farm; Carl's poor health; the foreclosure action; the livestock and personal property located on the farm in late 2014-early 2015; and their forcible removal from the property by the Scioto County Sheriff.  The other appellants testified as to the specific pieces of personal property located on the farm and their understanding, or lack of understanding, as to whether or not they should retrieve their property prior to the sheriff's sale.

{¶13} On May 31, 2018, Appellees filed a motion for summary judgment.  Appellants filed a memorandum contra to the motion for summary judgment.  On September 20, 2018, the trial court granted judgment in favor of Appellees.  On October 3, 2018, Appellees voluntarily dismissed their counterclaims against Appellants.

{¶14} On October 11, 2018, Appellants timely appealed the trial court's decision granting summary judgment.

A. STANDARD OF REVIEW

{¶15} In *Stepp v. Starrett,* 4th Dist. Vinton No. 18CA714, 20019-Ohio-4707, this court recently observed at ¶ 3:

> Appellate courts "have such jurisdiction as may be provided by
> law to review and affirm, modify, or reverse judgments or final

orders of the courts of record inferior to the court of appeals within the district[.]"    Section 3(B)(2), Article IV, Ohio Constitution; *see also* R.C. 2505.03(A).  If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal.  *Eddie v. Saunders,* Gallia App. No. 07CA7, 2008-Ohio-4755, at ¶ 11.  If the parties do not raise the jurisdictional issue, we must raise it sua sponte. *Ray v. Wal-Mart Stores, Inc*., 4th Dist. Washington No. 10CA27, 2011-Ohio-5142, ¶ 8 citing *Sexton v. Conley*, 4th Dist. Scioto No. 99CA2655, 2000 WL 1137463, (Aug. 7, 2000), at *2.

## A.  LEGAL ANALYSIS

{¶16} Appellants have appealed from the trial court's Decision & Order entered September 20, 2018.  The trial court found as follows:

> It is hereby Ordered, that upon their motion for summary judgment, defendants Brandon Hull and Jeana Hull are granted judgment in their favor and against all plaintiffs on all counts of plaintiffs' amended complaint.

{¶17} The trial court's decision made no ruling relative to the distribution of the $19,723.51 in funds deposited with the court in June 2016.  As a result, we find the trial court's September 20, 2018 Decision & Order, which granted Appellees summary judgment as to all claims against them, does not constitute a final appealable order. *See Kilcoyne Properties, LLC v. Fischbach,* 5th Dist. Licking No. 02CA107, 2003-Ohio-2751, at ¶ 19.  Thus we have no jurisdiction to consider the appeal.  It is hereby dismissed.

**APPEAL DISMISSED**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED. Costs shall be divided equally between the parties.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J., concur in Judgment and Opinion.


For the Court,


_____
Jason P. Smith
Presiding Judge


## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**